CA 05 457 . 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

---

**PAMELA J. PHILLIPS and JAMES PRESTON MILLER: on behalf of themselves and all similarly situated persons,:**

*Plaintiffs,*

**- against -**

**OCEAN FINANCIAL CORPORATION AND HOME LOAN BANK,**

*Defendants.*

---

**CLASS ACTION COMPLAINT**
**C.A. No.: 05-**

Plaintiffs Pamela J. Phillips and James Preston Miller, on behalf of themselves and all persons similarly situated, as and for their complaint against Ocean Financial Corporation and Home Loan Bank states as follows:

## I. <u>PARTIES</u>

1. Plaintiff Pamela J. Phillips ("Phillips") is a resident of Bammel, Texas.

2. Plaintiff James Preston Miller ("Miller") is a resident of Brandon, Florida.

3. Defendant Home Loan is a wholly owned subsidiary of Ocean Financial Corporation (collectively, "Ocean Bank"), a Rhode Island corporation, with its principal place of business in Warwick, Rhode Island. Among other things, Ocean Bank obtains credit reports on individuals and uses such information to solicit individuals throughout the United States to enter into credit transactions including the refinancing of home equity loans. Credit reports are consumer reports as that term is used in the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681a(d).

4. Ocean Bank is a "user of consumer reports" as that term is used in the FCRA, 15 U.S.C. § 1681m.

## II. JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 based upon claims brought pursuant to the FCRA, 15 U.S.C. §1681p.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) because Ocean Bank has its headquarters and transacts business in this District, including business related to the subject matter of this action.

## III. FACTUAL BACKGROUND

### A. The Fair Credit Reporting Act

7. The FCRA, 15 U.S.C. §§1681 et seq. is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by the use of information that is collected about them.

8. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA: "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

9. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

10. Under the FCRA, 15 U.S.C. § 1681a(d), the term "consumer report" means any written, oral, or other communication of any information by a consumer

reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer. Credit reports and prescreening lists provided by credit reporting agencies are consumer reports.

11. Section 1681b(f) in turn provides, "A person shall not use or obtain a consumer report for any purpose unless-- (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section [1681b]."

12. The permissible purposes listed in §1681b include, for the most part, transactions initiated by the consumer. *See* §1681b(a)(3)(A)-(F) (authorizing the use of consumer reports when the consumer has applied for credit, employment, or insurance).

13. One of the few circumstances in which the FCRA allows the use of a consumer report in the absence of a consumer-initiated transaction is when the recipient of the information undertakes to extend to the consumer a "firm offer of credit." *See* §1681b(c)(1)(B).

14. Because financial institutions seeking to extend pre-approved offers of credit obtain access to the consumer's private and confidential information without the approval of the consumer, the FCRA requires that these institutions must be extending a "firm offer;" i.e., one that is capable of being accepted, in the absence of further negotiation. The "firm offer of credit" must be one that "will be honored." *See* §1681a(I). The "firm offer of credit" must be more than a mere advertisement or solicitation, and must have value to the consumer.

15. Users who invoke the "firm offer of credit" permissible purpose must, pursuant to § 1681m(d), provide to each consumer who receives a written firm offer a "clear and conspicuous statement" that discloses that (A) information contained in the consumer's consumer report was used in connection with the transaction; (B) the offer is conditioned upon certain additional criteria (which criteria are themselves narrowly circumscribed in Paragraph I of § 1681a); (C) the offer may not be extended if the consumer does not continue to meet those criteria or does not provide required collateral; and (D) the consumer has the right to prohibit the future use of his or her consumer report in connection with unsolicited firm offers of credit or insurance. The last disclosure is known as the "opt-out" of future offers. The clear and conspicuous disclosure must also provide the consumer with a toll-free number to call if the consumer wishes to prevent such promotional uses of his or her credit report in the future.

16. The FCRA provides consumers civil remedies for violations of the Act, including statutory damages, punitive damages, costs and attorney's fees. *See* 15 U.S.C. §1681n.

**B. <u>The Ocean Bank Solicitations</u>**

17. Upon information and belief, Ocean Bank regularly obtains consumer reports on large numbers of individuals without their knowledge or consent by purchasing "prescreening" lists from consumer reporting agencies, including the providers of Experian and Equifax reports.

18. Ocean Bank uses these prescreening lists to contact the targeted individuals by mail.

19. Ocean Bank's written solicitations to individuals on the prescreening lists do not make or extend any firm offer (or even any offer at all). Nor do they provide any of the essential terms of a credit transaction, such as an interest rate.

20. Ocean Bank's written solicitations sent to individuals on the prescreening lists do not provide in a clear and conspicuous manner the disclosures required by the FCRA.

21. Ocean Bank obtained consumer reports on Phillips and Miller during the period commencing at least as early as January 2004, all without their consent or knowledge.

22. Neither Phillips nor Miller initiated any transactions with Ocean Bank.

23. After Ocean Bank obtained the consumer reports on Phillips and Miller, Ocean Bank mailed them standardized written solicitations (a copy of Phillip's solicitation is appended hereto as Exhibit "A" (the "Phillips Solicitation"), and Miller's solicitation is appended as Exhibit "B" (the "Miller Solicitation".)

**C. <u>The Phillips Solicitation</u>**

24. The Phillips Solicitation claims to be making a "firm offer of credit to [Phillips] of **$25,000, $50,000, $100,000** or more" (emphasis in the original).

25. In reality the Phillips Solicitation is a sham solicitation, whose terms, if disclosed at all, are illusory in numerous ways. In particular, the Phillips Solicitation:

(a) Is "not guaranteed";

(b) Requires that Phillips meet Ocean Bank's "criteria" without disclosing what such "criteria" are, save that they "may include equity in [Phillips'] home and an unspecified debt-to-equity ratio";

(c) Requires that Phillips furnish "required Collateral" and fails to disclose the amount of collateral that would satisfy this requirement;

(d) Fails to state the rate of interest to be charged in the event Phillips would receive any such loan;

(e) Fails to state the method of computing interest and the length of the repayment period;

(f) Characterizes the putative loan offer to Phillips as being "prescreened" without identifying what the screening process might entail or the ramifications of any such screening process; and

(g) Requires that Phillips provide Ocean Bank additional personal information, including Phillips personal income and a "Co-borrowers" social security number, in a form embedded in the solicitation itself.

26. The Phillips Solicitation is so devoid of meaningful terms that neither the lender nor Phillips can determine whether it is advantageous to extend or accept the "offer."

27. The Phillips Solicitation does not contain or qualify as a "firm offer of credit" under the FCRA.

28. The Phillips Solicitation also fails to make disclosures required by §1681m(d) in a clear and conspicuous manner. For example, Ocean Bank places the disclosures on the reverse side of the Phillips Solicitation and makes no reference to these small print disclosures on the front of the solicitation.

29. Additionally, rather than make these disclosures conspicuous by using bold print and capital letters, the Phillips Solicitation disclosures are in an inconspicuous size print and not in bold. In contrast, Ocean Bank employs an oversized font and otherwise printed in a conspicuous fashion the language "So don't delay, apply today"

and "YES, I AM INTERESTED IN A HOMEOWNER LOAN!" (emphasis in the original), in the Phillips Solicitation.

**D. <u>The Miller Solicitation</u>**

30. The Miller Solicitation claims to be making a "firm offer of credit to [Miller] of **$10,000 and [Miller] may be eligible for up to $500,000 or more**" (emphasis in the original).

31. In reality, the Miller Solicitation is a sham solicitation, whose terms, if disclosed at all, are illusory in numerous ways. In particular, the Miller Solicitation:

(a) Is "not guaranteed";

(b) Requires that Miller meet Ocean Bank's "criteria" without disclosing what such "criteria" are;

(c) Requires that Miller have "acceptable property as collateral" and fails to disclose the amount of collateral that would prove "acceptable";

(d) Fails to state the rate of interest to be charged in the event Miller was to receive any such loan;

(e) Fails to state the method of computing interest and the length of the repayment period;

(f) Characterizes the putative loan offer to Miller as being "prescreened" without identifying what the screening process might entail or the ramifications of any such screening process; and

(g) Requires that Miller provide Ocean Bank additional personal information, including personal income and a "Co-borrowers" social security number, in a form embedded in the solicitation.

32. The Miller Solicitation is so devoid of meaningful terms that neither the lender nor Miller can determine whether it is advantageous to extend or accept the "offer."

33. The Miller Solicitation does not contain or qualify as a "firm offer of credit" under the FCRA.

34. The Miller Solicitation also fails to make disclosures required by §1681m(d) in a clear and conspicuous manner. For example, Ocean Bank places the disclosures on the reverse side of the Miller Solicitation and rather than make the disclosures conspicuous by using bold print and capital letters -- as Ocean Bank does with language on the front of the solicitation such as "YOU ARE PRE-APPROVED" and "YES, I WOULD LIKE TO ACCEPT THIS OFFER FOR A HOMEOWNER LOAN" (emphasis in the original) -- Ocean Bank employs an inconspicuous size print in the disclosures, which would not in any event redress the lack of a "firm offer of credit."

## IV. CLASS ACTION ALLEGATIONS

35. Plaintiffs bring this action under the FCRA on behalf of themselves and as representatives of the following proposed class:

> All individuals throughout the United States whose consumer reports were obtained or used by Ocean Bank in connection with a credit transaction not initiated by them, and who did not receive a firm offer of credit from Ocean Bank during the longest period allowable by 15 U.S.C. §1681p.

36. Pursuant to Rule 23 and the FCRA, this action may be maintained as a class action because all procedural elements are satisfied, as set forth below.

37. Ocean Bank is in the business of obtaining consumer reports relating to consumers throughout the United States and using credit reports in mass marketing of credit terms nationwide, among other things. The number of consumers nationwide with

respect to whom Ocean Bank obtained consumer reports and solicited credit transactions without undertaking to make a firm offer of credit as required under the FCRA is in excess of several thousand, upon information and belief. The exact number and identity of Class members is unknown to plaintiffs but can easily be determined from the records of Ocean Bank.

38. The Class is so numerous that it would be impractical to join all of the members of the Class within the meaning of Fed. R. Civ. P. 23(a)(1).

39. On behalf of the class, the representative plaintiffs bring claims which raise questions of law and fact common to all members of the class as contemplated by Rule 23(a)(2). Common issues include:

(a) Whether Ocean Bank violated the FCRA by failing to make a firm offers of credit to consumers after obtaining or using consumer reports in connection with credit transactions not initiated by those consumers;

(b) Whether Ocean Bank's practice of obtaining consumer reports in connection with credit transactions not initiated by the consumer and then failing to undertake to make a firm offer of credit to the consumer as required by the FCRA was "willful" within the meaning of the statute;

(c) Whether members of the class are entitled to recover statutory and punitive damages as a result of Ocean Bank's actions in violating the FCRA.

40. In accordance with the requirements of Rule 23(a)(3), the representative Plaintiffs' claims are typical of the claims of all other members of the class, and the representative Plaintiffs have no interests which are adverse or antagonistic to the interests of the Class.

41. In accordance with the requirements of Rule 23(a)(4), the representative plaintiffs and their counsel will fairly and adequately represent and protect the interest of each member of the Class. The representative plaintiffs and the Class share common interests, and the representative Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in class action litigation.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent a class action, Class members will continue to suffer harm. Most individual Class members have little ability to prosecute and take individual action due to the complexity of the issues involved in this litigation, the significant costs attendant to litigation on this scale, and the comparatively small statutory damages available to individual Class members.

43. This action will result in an orderly and expeditious administration of Class claims. Economies of time, effort and expense will be fostered and uniformity of decisions will be insured.

44. This action presents no difficulty that would impede its management by the Court as a class action. A class action is superior to other available methods for the fair and efficient adjudication of each Class member's claim.

45. The questions of fact common to the claims of each member of the Class, relating to the uniform failure to make a firm offer of credit after obtaining or using consumer reports relating to Plaintiff and other consumers, predominate over any facts affecting only individual member of the Class.

## V. CLAIM FOR RELIEF
## (FOR VIOLATION OF FAIR CREDIT REPORTING ACT)

46. Plaintiffs repeat and reallege each of the foregoing allegations as though set forth fully herein.

47. Ocean Bank has a corporate policy and business practice of obtaining consumer reports in connection with the solicitation of individuals to enter credit transactions not initiated by the individuals, and failing to extend those individuals firm offers of credit.

48. In its nationwide practice of obtaining consumer reports on individuals in connection with credit transactions not initiated by them and then refraining from making a firm offer of credit to such individuals, Ocean Bank has willfully ignored the requirements of the FCRA, and has made a business decision to fail or refuse to comply with the requirements of the FCRA.

49. Ocean Bank's adoption of its policy and Ocean Bank's nationwide practice of obtaining consumer reports on individuals in connection with credit transactions not initiated by the individuals, and then failing to make firm offers of credit to such individuals as required by the FCRA, is in conscious disregard of those individuals' rights and/or is in reckless disregard of those individuals' rights.

50. The actions of Ocean Bank constitute willful noncompliance with the requirements of the FCRA. Specifically, Ocean Bank's use and acquisition of consumer reports, as described in the preceding paragraphs, is not for a permissible purpose under the FCRA.

51. Plaintiffs and Class members have suffered injury as a result of Ocean Bank's willful violations of the FCRA, and are entitled to statutory damages, punitive damages, costs, and attorney's fees.

**WHEREFORE,** plaintiffs, individually and on behalf of all others similarly situated, respectfully pray for judgment against Ocean Bank as follows:

A. Certifying this as a class action pursuant to Rule 23 and designating Plaintiff as representative of the Class;

B. Awarding not more than $1,000, and not less than $100 for each separate violation of FCRA;

C. Declaring Ocean Bank's practices of obtaining consumer reports on individuals in connection with credit transactions not initiated by such individuals and (1) failing to undertake to make a firm offer of credit to such individuals, and (2) failing to provide mandated disclosures, violates the FCRA;

D. Permanently enjoining Ocean Bank from obtaining consumer reports on individuals in connection with credit transactions not initiated by the individual unless Ocean Bank makes a firm offer of credit to each such individual, and ordering Ocean Bank to establish and maintain appropriate procedures adequate to ensure compliance with the FCRA;

E. Permanently enjoining Ocean Bank from obtaining consumer reports on individuals in connection with credit transactions not initiated by the individuals and then sending such individuals written solicitations which do not include in a clear and conspicuous manner the disclosures required by the FCRA;

F. Awarding Plaintiff reasonable attorney's fees, prejudgment interest, and the costs and expense incurred in this action, including, but not limited to, expert's fees; and

G. Granting such other relief as may be appropriate under the circumstances.

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL COUNTS.**

Dated: November 2, 2005

PAMELA J. PHILLIPS and JAMES PRESTON MILLER on behalf of themselves and all similarly situated persons
By their Attorneys,

Matthew T. Oliverio (#3372)
Raymond A. Marcaccio (#3569)
OLIVERIO & MARCACCIO LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 (fax)

*Of Counsel*
*(Pending Pro Hac Vice Admission)*

Gary B. Friedman
Noah Shube
FRIEDMAN & SHUBE
155 Spring Street
New York, New York 10012
(212) 680-5150
(212) 219-6446 (fax)

David S. Markun
Edward Zusman
MARKUN, ZUSMAN & COMPTON LLP
17383 Sunset Boulevard
Suite A380
Los Angeles, CA 90272
(310) 454-5900
(310) 454-5970 (fax)