**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

PAMELA J. PHILLIPS, *et al.*,

Plaintiffs,

v.

C.A. No. 05-457-T-DLM

OCEAN FINANCIAL CORPORATION AND HOME LOAN BANK,

Defendants.

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant Ocean Financial Corporation F.S.B. ("Ocean Bank" or "the Bank") hereby moves this Court for an Order dismissing Plaintiffs' Complaint. Ocean Bank makes this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiffs have failed to state a claim on which relief can be granted. Ocean Bank bases this motion on the attached memoranda, served and filed herewith, and on all the pleadings, records, and files in the above-captioned case.

WHEREFORE, Ocean Bank requests that this Court grant Defendant's Motion to Dismiss Plaintiffs' Complaint, and dismiss Plaintiffs' Complaint with prejudice.

DATED: January 27, 2006

Respectfully submitted,

Stephen J. MacGillivray
Bar Number: 5416
EDWARDS ANGELL PALMER & DODGE
2800 Financial Plaza
Providence, Rhode Island 02903
Telephone: (401) 274-9200
Facsimile: (401) 276-6611
Email: smacgillivray@eapdlaw.com

Attorney for the Defendant
Ocean Financial Corporation

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 27th day of January, 2006, I caused a true and correct copy of the foregoing Defendant's Motion to Dismiss Plaintiffs' Complaint to be served by first-class mail, properly addressed and postage prepaid, on Plaintiffs' counsel of record at their last known addresses, as follows:

Matthew Thomas Oliverio
Raymond A. Maraccio
OLIVERIO & MARCACCIO LLP
55 Dorrance Street
Suite 400
Providence, RI 02903

Gary B. Friedman
Noah Shube
FRIEDMAN & SHUBE
155 Spring Street
New York, NY 10012

David S. Markum
Edward Zusman
MARKUN, ZUSMAN & COMPTON LLP
17383 Sunset Boulevard, Suite A380
Los Angeles, CA 90272

STEPHEN J. MACGILLIVRAY

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

---

PAMELA J. PHILLIPS, *et al.*,

Plaintiffs,

v.

OCEAN FINANCIAL CORPORATION AND HOME LOAN BANK,

Defendants.

C.A. No. 05-457-T-DLM

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Stephen J. MacGillivray
Bar Number: 5416
EDWARDS ANGELL PALMER & DODGE
2800 Financial Plaza
Providence, Rhode Island 02903
Telephone: (401) 274-9200
Facsimile: (401) 276-6611
Email: smacgillivray@eapdlaw.com

Attorney for Defendant
Ocean Financial Corporation

January 27, 2006

## TABLE OF CONTENTS

Page

I. PLEADINGS ....................1

II. DESCRIPTION OF THE MOTION ....................2

III. FACTS ....................3

IV. ISSUES ....................5

V. POINTS AND AUTHORITIES ....................6

A. Plaintiffs' Claim for Violation of Section 1681m of the FCRA Must be Dismissed Because the Plaintiffs do not Have a Private Right of Action to Bring Such a Claim....................6

B. Plaintiffs' Claim for Violation of Section 1681b Should be Dismissed Because Ocean Bank's Offer Letters Were Firm Offers of Credit .................... 8

C. Plaintiffs' Claim for Prejudgment Interest Should be Dismissed .................... 13

VI. CONCLUSION....................14

TABLE OF AUTHORITIES .................... 15

CERTIFICATE OF SERVICE .................... 17

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

---

PAMELA J. PHILLIPS, *et al.*,

Plaintiffs,

v.

OCEAN FINANCIAL CORPORATION AND HOME LOAN BANK,

Defendants.

C.A. No. 05-457-T-DLM

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant Ocean Financial Corporation ("Ocean Bank" or "the Bank") respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. PLEADINGS

Plaintiffs Pamela J. Phillips ("Phillips"), a resident of Texas, and James Preston Miller ("Miller"), a resident of Florida (collectively "Plaintiffs"), filed this action against Ocean Bank on November 2, 2005, alleging that Ocean Bank violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Jurisdiction is predicated on 15 U.S.C. § 1681p and on 28 U.S.C. § 1331. Compl. ¶ 5. Plaintiffs allege that Ocean Bank violated the FCRA by accessing their credit reports and sending them pre-screened offers of credit that failed to comply with the FCRA. *Id.* ¶¶ 24-34. The Plaintiffs attached to their Complaint the offer letter that Phillips allegedly received ("Phillips Offer") and that Miller allegedly received ("Miller Offer") as Exhibits A and B, respectively. *Id.* ¶ 23. The Plaintiffs aver that Ocean Bank's offers were not "firm offers of credit" in violation of § 1681b of the FCRA because the Bank allegedly

accessed Plaintiffs' credit reports without a permissible purpose. The Plaintiffs also claim that the required disclosures contained in Ocean Bank's offer letters were not "clear and conspicuous," as required by Section 1681m(d) of the FCRA. *Id.* ¶¶ 28, 29, 34. The Plaintiffs allege that Ocean Bank's violations were willful and in conscious disregard of Plaintiffs' rights. *Id.* ¶¶ 48-50. Plaintiffs do not claim that they sustained any actual damages as a result of these alleged violations and seek, instead, only statutory damages under § 1681n. If a defendant is held liable under the FRCA, a court must impose damages of not less than $100 and not more than $1,000 per violation. 15 U.S.C. § 1681n; *see* Compl. ¶ 16. Plaintiffs purport to bring the action on behalf of an alleged class of "all individuals throughout the United States whose consumer reports were obtained or used by Ocean Bank in connection with a credit transaction not initiated by them, and who did not receive a firm offer of credit from Ocean Bank during the longest period allowable by 15 U.S.C. § 1681p." Compl. ¶ 35.

## II. DESCRIPTION OF THE MOTION

The Defendant, Ocean Bank, hereby moves, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing the Complaint in its entirety for failure to state a claim on which relief can be granted. The Bank bases this motion on three grounds. First, the Plaintiffs' claim that the Bank allegedly violated § 1681m(d) fails to state a claim for relief because the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), Pub. L. 108-159, 117 Stat. 1952 (2003), abolished a private right of action for claims asserted on or after December 1, 2004. 15 U.S.C. § 1681m(h)(8); 16 C.F.R. § 602.1 (2005). Second, the Plaintiffs fail to state a claim under § 1681b of the FCRA because Ocean Bank's offer letters guaranteed a loan of no less than $10,000 to recipients who satisfied the previously established pre-screening criteria, thereby complying with the FCRA's definition of a firm offer of credit as a matter of

law. Finally, the Plaintiffs' request for prejudgment interest should be stricken because prejudgment interest is not an item of damages recoverable under the FCRA.

## III. FACTS

This is an action for statutory damages under the FCRA. The Plaintiffs allegedly received offers of credit in the mail from the Defendant, Ocean Bank, or from its predecessor in interest, Home Loan and Investment Bank. Phillips is a resident of Bammel, Texas, who has filed at least two other putative class actions under the FCRA, one in California and one in Florida. Miller is a resident of Brandon, Florida. The priority codes on the letters indicate that both letters were mailed in 2005.

Ocean Bank is a small, family-owned federal savings bank, headquartered in Warwick, Rhode Island. As of June 30, 2005, the Bank's assets totaled approximately $245 million. The Bank was founded as Home Loan and Investment Bank in 1971, with the primary goal of helping all homeowners, even those with less-than-perfect credit, obtain financing. Ocean Bank is also an exceptionally well-managed institution, which has received the highest ratings from its regulators for at least the last 10 years. This high regulatory rating is truly significant, given that the Bank makes loans to some individuals who cannot otherwise obtain credit.

The letters received by the Plaintiffs offered the recipients a home equity loan in the amount of at least $10,000. Compl. Exs. A and B.[1] Recipients of these letters were selected through a pre-screening process undertaken for Ocean Bank pursuant to contracts between the Bank and the three major credit bureaus in the United States: Equifax, Experian, and Trans Union. Under these contracts, Ocean Bank provides pre-screening criteria to the credit bureaus.

---

[1] Documents attached as exhibits to a pleading are considered part of the pleading and may be considered in connection with a motion to dismiss. *See Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998); Fed. R. Civ. P. 10(c).

These criteria include home ownership, the absence of bankruptcy filings or foreclosures within the past two years, the presence of a mortgage loan, and falling within a range of credit scores (also known as FICO scores). The credit bureaus then identify individuals who appear to meet the pre-screening criteria and provide the Bank with a list of names and addresses. After combining the lists from each credit bureau and eliminating duplicate addresses, the Bank directs its mailing contractor to send the offer letters to various addresses within the United States on a monthly basis.

The FCRA specifically permits lenders, such as Ocean Bank, to send pre-screened offers of credit, provided that the offers are firm offers of credit. 15 U.S.C. § 1681b(c)(1)(B). Consistent with the FCRA, the letters addressed to the Plaintiffs stated that "Home Loan is happy to extend a firm offer of credit to you ...." Compl. Exs. A and B. As was made clear from the return card portion of the offer letter, the minimum amount of the loans offered pursuant to these letters was $10,000. *Id.* The offer letters also contained language, expressly permitted by the FCRA, informing the recipients that the offer of credit was conditioned on the recipients actually satisfying the pre-screening criteria and posting the required collateral. *See* 15 U.S.C. § 1681a(l).

In addition, pursuant to the requirements of § 1681m, Ocean Bank's letter included certain "clear and conspicuous" language. This language informed the consumer that information contained in the individual's consumer credit report was used in connection with the transaction, that the consumer received the offer because the consumer appeared to satisfy the pre-screening criteria, and that the credit may not be extended if the consumer does not meet the criteria used to select the consumer for the offer or any applicable criteria based on creditworthiness, or does not furnish any required collateral. *Id.* § 1681m(d)(1)(A)-(C);

*see* Compl. Exs. A and B. The offer letters additionally complied with the FCRA's requirement that they include the addresses and the toll-free telephone numbers of the three credit bureaus to which the consumers could direct requests to opt out, or to not receive future pre-screened firm offers of credit. *Id.* § 1681m(d)(1)(D)-(E); *see* Compl. Exs. A and B.

Ocean Bank's offer letters were also required to comply with additional requirements imposed by the FACTA and its implementing regulations promulgated by the Federal Trade Commission, which took effect on August 1, 2005. 16 C.F.R. § 602.1 (2005). These requirements included additional language on the front of the letter regarding a recipient's ability to avoid receiving future pre-screened offers of credit by calling a toll-free number and referring the recipient to additional information on the back of the offer letter. Compl. Ex. B. Accordingly, Ocean Bank revised its letter to comply with FACTA's requirements before mailing the letter addressed to Miller in or after July 2005. Ocean Bank's letter complied with all requirements, including the layered notice system, the wording of the long and short notice, and the font size and layout for the long notice, the short notice, and the headings.

**IV. ISSUES**

1. Do the Plaintiffs' claims for relief based on Ocean Bank's alleged violation of Section 1681m(d)'s requirement that the disclosures be made in a "clear and conspicuous" manner fail to state a claim on which relief can be granted because the FACTA eliminated private rights of action for violations of Section 1681m for actions initiated after December 1, 2004?

2. Do the Plaintiffs' claims for relief based on Ocean Bank's alleged failure to have made a firm offer of credit under Section 1681b(c) fail to state a claim on which relief can be granted because the letters stated Ocean Bank's intent to grant the recipients a home equity loan of no less than $10,000, presuming that the consumers met and continued to satisfy the pre-

screening criteria pursuant to which they were sent the letters and their willingness and ability to post the required collateral?

3. Do Plaintiffs' claims for prejudgment interest fail to state a claim because prejudgment interest is not available under the FCRA?

## V. POINTS AND AUTHORITIES

### A. Plaintiffs' Claim for Violation of Section 1681m of the FCRA Must be Dismissed Because the Plaintiffs do not Have a Private Right of Action to Bring Such a Claim

The Plaintiffs' allegations that Ocean Bank violated Section 1681m(d) of the FCRA by failing to provide the required disclosures in a "clear and conspicuous" manner must be dismissed because Plaintiffs do not have standing to bring these claims.[2] Effective December 1, 2004, the FACTA granted exclusive authority to federal agencies to bring suits for alleged violations of Section 1681m(d). *See* 15 U.S.C. § 1681m(h)(8). The FACTA added to the FRCA language that unambiguously states:

> (A) No civil actions. Sections 1681n and 1681o of this title shall not apply to any failure by any person to comply with this section.
>
> (B) Administrative enforcement. This section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section.

*Id.* Although no court in this circuit or district has addressed the effect of Section 1681m(h)(8) on a claim for violation of Section 1681m(d), cases that have considered the question have uniformly dismissed claims under Section 1681m brought by private litigants after December 1, 2004. *See, e.g., White v. E-Loan, Inc.*, No. C 05-02080 SI, 2006 WL 122205 (N.D. Cal. Jan. 17, 2006) (holding that § 1681m(h)(8) eliminated private rights of action under

[2] In making this argument, Ocean Bank believes that its firm offers of credit contained clear and conspicuous disclosures and were fully compliant with the FCRA. The Bank's motion to dismiss this claim for failure to state a claim on which relief can be granted, however, does not implicate this issue.

§ 1681m(d)); *Murray v. Household Bank, N.A.*, 386 F. Supp. 2d 993 (N.D. Ill. 2005) (holding that "§ 1681m(h)(8) precludes all private rights of action under § 1681m"); *Hernandez v. Citifinancial Servs., Inc.*, No. 05 C 2263, 2005 WL 3430858 (N.D. Ill. Dec. 9, 2005) (stating "the Court agrees with its fellow district courts that have looked at this question," and holding that § 1681m(h)(8) bars private rights of action under § 1681m(d)); *Phillips v. New Century Fin. Corp.*, No. 05-0692 DOC-RNB (C.D. Cal. Nov. 9, 2005) (holding that there is no private right of action to enforce § 1681m(d)); *see also Murray v. GMAC Mortgage Corp.*, No. 05-8035, 2006 WL 90081, at *1 (7th Cir. Jan. 17, 2006) ("[a] recent amendment to the [FCRA] abolishes private remedies for violations of the clear-disclosure requirement, which in the future will be enforced administratively ....").

In *Phillips*, Pamela Phillips, one of the plaintiffs in this action, brought a suit against New Century after receiving an offer from New Century for a home mortgage. *Phillips*, slip op. at 1-2. In that case, Phillips also alleged a violation of Section 1681m(d) on the basis that the required disclosures were not "clear and conspicuous." *Id.* at 2. The court, however, held that Phillips' cause of action for the alleged violations of Section 1681m(d) was barred by the FACTA, and dismissed her claim. *Id.* at 5.

Despite having a virtually identical Section 1681m(d) claim dismissed by the United States District Court for the Central District of California, Phillips, along with Miller, commenced this action on November 2, 2005, nearly one year after private rights of action to enforce Section 1681m were eliminated. This Court should dismiss Plaintiffs' claims that Ocean Bank violated Section 1681m(d) because, effective December 1, 2004, only federal agencies may bring actions under that section. Therefore, the Plaintiffs have no standing to assert claims under Section 1681m.

**B. Plaintiffs' Claim for Violation of Section 1681b Should be Dismissed Because Ocean Bank's Offer Letters Were Firm Offers of Credit**

Ocean Bank's offer letters constituted firm offers of credit under Section 1681b, and Plaintiffs' claims to the contrary must be dismissed for failure to state a claim. The Plaintiffs contend that the Bank's offer letters are not firm offers of credit because the offer letters do not contain all of the terms of the credit offered and are not "guaranteed." *See* Compl. ¶¶ 25-33. These claims must fail as a matter of law because they are based on the incorrect premise that all of the terms of the credit offered must be set forth in the offer letter in order for it to be a "firm offer of credit." Moreover, Plaintiffs' allegations that the offers of credit were not guaranteed are flatly contradicted by the terms of the offers.

Ocean Bank did not violate the FCRA because its offer to both Plaintiffs satisfied the criteria for a firm offer of credit. Section 1681b permits a consumer reporting agency to furnish a creditor with a consumer report in connection with a credit transaction not initiated by the consumer if "the transaction consists of a firm offer of credit." 15 U.S.C. § 1681b(c)(1)(B)(i). The FCRA does not require a creditor to state all the terms of the credit in the firm offer of credit. Instead, the Act defines a "firm offer of credit" as "any offer of credit ... to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer." *Id.* § 1681a(l). A firm offer of credit may be further conditioned on the consumer proving that he or she satisfied the pre-screening criteria, verifying that the consumer continues to satisfy the criteria, and on the consumer furnishing any collateral that is a requirement for the extension of credit that was established before selection of the consumer for the offer of credit and disclosed to the consumer in the offer of credit. *Id.* Similarly, the FTC's commentary on the FCRA, which expressly permits pre-screening, contains no requirement that a creditor list all of the

terms of the credit for an offer to constitute a firm offer of credit. *See* 16 C.F.R. Pt. 600, App., comment on section 604 § 6 (2005). The guidance provides:

> Pre-screening is permissible under the FCRA if the client [creditor] agrees in advance that each consumer whose name is on the list after prescreening will receive an offer of credit. In these circumstances, a permissible purpose for the prescreening service exists under this section, because of the client's present intent to grant credit to all consumers on the final list, with the result that the information is used "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to ... the consumer."

*Id.* (quoting 15 U.S.C. § 1581b(a)(3)(A)). Thus, "the Act permits a creditor to make a 'conditional' firm offer of credit; that is, an offer that is conditioned on the consumer meeting the creditor's previously-established criteria for extending credit." *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 841 (5th Cir.), *cert. denied*, 125 S. Ct. 508 (2004). "[A] firm offer of credit under the Act 'really means a "firm offer if you meet certain criteria."'" *Id.* (quoting the district court's opinion granting the motion to dismiss). In *Kennedy*, the court affirmed the district court's grant of a motion to dismiss, holding, *inter alia*, that the offer that the plaintiffs received was a firm offer of credit in circumstances virtually identical to those alleged here. These circumstances included:

> (1) the banks offered [the plaintiffs] a pre-approved credit card account based on information from a consumer credit report, (2) [the plaintiffs] received the offer because the consumer(s) satisfied the specific criteria used by the banks to make the offers, and (3) the credit card accounts were conditioned on the consumer(s) satisfying the specific criteria bearing on credit worthiness.

*Id.*

The only other federal circuit court of appeals to discuss the definition of a firm offer of credit is the Seventh Circuit. *See Cole v. U.S. Capital, Inc.*, 389 F.3d 719 (7th Cir. 2004). In *Cole*, the court evaluated a firm offer of credit by whether it had value to the normal consumer. *Id.* at 728; *see Murray v. GMAC Mortgage Corp.*, 2006 WL 90081, at *6. According

to the Seventh Circuit, in determining whether an offer constitutes a firm offer of credit, "a court must consider the entire offer and the effect of all the material conditions that comprise the credit product in question." 389 F.3d at 727-28. In *Cole*, the court reversed the district court's granting of defendant's motion to dismiss, finding that the district court had erred in holding that a guaranteed offer of credit of $300, which could be used only for the purchase of an automobile, had value to the normal consumer as a matter of law to justify access to the consumer's credit reports. *Id.* at 728. The court emphasized that the "relatively small amount" of guaranteed credit indicated that the offer might not have value to the consumer. *Id.*

Ocean Bank submits that *Cole* should not be followed here because the Seventh Circuit's definition of a firm offer of credit imposes conditions that go beyond those contained in § 1681a(l) and the FTC commentary. Even if this Court were to follow *Cole*, Ocean Bank's offers of credit in this case unquestionably had value to the Plaintiffs and are firm offers of credit under the FCRA. The Phillips Offer letter expressly stated that it was offering a "firm offer of credit" for a home equity loan in the minimum amount of $10,000. Ocean Bank intended to honor this offer if Phillips had responded, met the Bank's applicable creditworthiness criteria, and furnished the required collateral. The Phillips Offer provided:

> <u>Pre-qualification</u>: This offer is extended because you appear to satisfy our criteria for credit worthiness contained in a pre-qualifying report received from a credit bureau used by us. The credit may not be extended if after you responded to the offer, you do not meet the criteria used to select you for the offer or if you do not furnish any required collateral. Applicable credit worthiness criteria may include equity in your home and debt-to-income ratio.

Compl. Ex. A. The Phillips Offer satisfied the FCRA definition of a firm offer of credit because it unquestionably constituted an "offer of credit ... that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer." 15 U.S.C. § 1681a(1).

Similarly, the Miller Offer expressly stated that the Bank is extending a "firm offer of credit" for a home equity loan of at least $10,000. If Miller had responded, met the Bank's applicable creditworthiness criteria, and furnished the required collateral, the offer would have been honored. The Miller Offer, under PRESCREEN & OPT-OUT NOTICE, expressly provided, "This 'prescreened' offer of credit is based on information in your credit report indicating that you meet certain criteria. This offer is not guaranteed if you do not meet our criteria including providing acceptable property as collateral." Compl. Ex. B. Like the Phillips Offer, the Miller Offer satisfied FCRA's definition of a firm offer of credit because it is unquestionably an "offer of credit ... that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer." 15 U.S.C. § 1681a(1).

Given the nature of the credit product offered by Ocean Bank, the offers could not contain the type of specificity demanded by the Plaintiffs. Unlike the offer of automobile financing contained in *Cole*, Ocean Bank offered the Plaintiffs home equity loans. Although the minimum amount of the loan was specified in the firm offer, the precise amount of the loan, the interest rate, the points, the term, and other fees would depend on the amount of equity that each consumer had in their respective home, their debt-to-equity ratio, and the amount of the loan that they sought. The exact terms of the loan would depend on these circumstances and the Bank's underwriting guidelines. This lack of specificity, however, does not deprive the Bank's offer letters of their status as firm offers of credit because the Bank fully intended to provide credit of at least $10,000 to recipients of the letter who met the pre-screening criteria and posted the previously established collateral.

Important policy considerations also compel the rejection of the definition of a firm offer of credit devised by the Seventh Circuit in *Cole*. By rejecting the previously well-settled definition of a firm offer of credit, as articulated by the Fifth Circuit in *Kennedy*, the Seventh Circuit's definition would fundamentally alter the balance struck by Congress in allowing creditors to use information derived from consumers' credit reports to make firm offers of credit, but not for soliciting business. *See* Commentary on the Fair Credit Reporting Act, 55 Fed. Reg. 18,804, 18,807 (May 4, 1990). The Seventh Circuit has created uncertainty for creditors regarding offers of guaranteed credit that they previously believed were fully compliant with FCRA by tying the determination of whether an offer of credit is a firm offer of credit to the subjective concept of "value."

Although the Plaintiffs in these actions have sustained *no actual damages*, the *Cole* opinion has opened the floodgates to the filing of dozens of FCRA cases in the Seventh Circuit, particularly in the Northern District of Illinois, all of which seek certification of classes of hundreds of thousands, and sometimes millions, of individuals. In addition to clogging the court's docket, these actions seek to impose a ruinous liability on issuers of credit and insurance, such as Ocean Bank, for what is, at most, a technical violation of the statute in which no one was harmed. *See, e.g., Anderson v. Capital One Bank*, 224 F.R.D. 444, 453 (W.D. Wis. 2004) (potential damages "are wholly out of proportion to the harm done to any of the class members or to all of them together ...."); *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 351 (N.D. Ill. 2002), *appeal dismissed sub nom Albert v. Trans Union Corp.*, 346 F.3d 734 (7th Cir. 2003) (denying class certification in FCRA action due to potentially enormous damages that would be imposed on the defendant, which would have been grossly disproportionate to any

actual damage).[3] Accordingly, this Court should hold that Ocean Bank's offers of credit were firm offers of credit under the FCRA.

**C. Plaintiffs' Claim for Prejudgment Interest Should be Dismissed**

In the Complaint, the Plaintiffs seek prejudgment interest, an item of damages not provided for by the FCRA. *See* 15 U.S.C. §§ 1681n, 1681o. In determining the scope of available remedies under the FCRA, courts must rely on the plain language of the statute. *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. at 342. The exclusive civil liability for violations of § 1681 of the FCRA are set forth in §§ 1681n and 1681o. Here, neither § 1681n nor § 1681o provides for the recovery of prejudgment interest. Accordingly, the Plaintiffs' claim for prejudgment interest should be stricken and dismissed.

[3] Although the court in the *Trans Union* case subsequently certified a class of Illinois consumers, that does not detract from the court's criticism of damages that are grossly out of proportion to any actual damage suffered by any member of the putative class. *See In re Trans Union Corp. Privacy Litig.*, No. 00-C-4729, MDL Docket No. 1350, 2005 U.S. Dist. LEXIS 17548, at *15-16 (N.D. Ill. Aug. 17, 2005).

## VI. CONCLUSION

For the foregoing reasons, this Court should grant the Defendant's Motion to Dismiss Plaintiffs' Complaint.

DATED: January 27, 2006

Respectfully submitted,

Stephen J. MacGillivray
Bar Number 5416
EDWARDS ANGELL PALMER & DODGE
2800 Financial Plaza
Providence, Rhode Island 02903
Telephone: (401) 274-9200
Facsimile: (401) 276-6611
Email: smacgillivray@eapdlaw.com

Attorney for the Defendant
Ocean Financial Corp.

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Anderson v. Capital One Bank*, 224 F.R.D. 444 (W.D. Wis. 2004) ............................................12

*Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12 (1st Cir. 1998) ............................................3

*Cole v. U.S. Capital, Inc.*, 389 F.3d 719 (7th Cir. 2004) ............................................9, 10, 11, 12

*Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833 (5th Cir.), *cert. denied*, 125 S. Ct. 508 (2004) ............................................9, 12

*Murray v. Household Bank, N.A.*, 386 F. Supp. 2d 993 (N.D. Ill. 2005) ............................................7

*In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328 (N.D. Ill. 2002), *appeal dismissed sub nom Albert v. Trans Union Corp.*, 346 F.3d 734 (7th Cir. 2003) .........12, 13

## DOCKETED CASES

*Hernandez v. Citifinancial Servs., Inc.*, No. 05 C 2263, 2005 WL 3430858 (N.D. Ill. Dec. 9, 2005) ............................................7

*Murray v. GMAC Mortgage Corp.*, No. 05-8035, 2006 WL 90081(7th Cir. Jan. 17, 2006).......7, 9

*Phillips v. New Century Fin. Corp.*, No. 05-0692 DOC – RNB (C.D. Cal. Nov. 9, 2005) ............7

*In re Trans Union Corp. Privacy Litig.*, No. 00-C-4729, MDL Docket No. 1350, 2005 U.S. Dist. LEXIS 17548 (N.D. Ill. Aug. 17, 2005)............................................13

*White v. E-Loan, Inc.*, No. C 05-02080 SI, 2006 WL 122205 (N.D. Cal. Jan. 17, 2006) ..............6

## FEDERAL STATUTES

15 U.S.C. § 1681 *et seq*.............................................*passim*

15 U.S.C. § 1681a............................................4, 8, 10, 11

15 U.S.C. § 1681b............................................*passim*

15 U.S.C. § 1681m............................................*passim*

15 U.S.C. § 1681n............................................2, 6, 13

15 U.S.C. § 1681o............................................6, 13

15 U.S.C. § 1681p ........................................ 1, 2

15 U.S.C. § 1681s ........................................ 6

28 U.S.C. § 1331 ........................................ 1

Fair and Accurate Credit Transactions Act of 2003, Pub. L. 108-159, 117 Stat. 1952 (2003) ........................................ *passim*

**FEDERAL REGULATIONS**

16 C.F.R. § 602.1 (2005) ........................................ 2, 5

**FEDERAL RULES**

Fed. R. Civ. P. 10(c) ........................................ 3

Fed. R. Civ. P. 12(b)(6) ........................................ 1, 2

**MISCELLANEOUS**

16 C.F.R. Pt. 600, App., comment on section 604 § 6 (2005) ........................................ 9

Commentary on the Fair Credit Reporting Act, 55 Fed. Reg. 18,804 (May 4, 1990) ........................................ 12

**CERTIFICATE OF SERVICE**

I certify that, on this 27th day of January, 2006, I caused a true and correct copy of the foregoing Defendant's Memorandum of Law in Support of Motion to Dismiss Plaintiffs' Complaint, to be served by first-class mail, postage prepaid in the correct amount, on the Plaintiffs' counsel of record, at their last known addresses, as follows:

Matthew Thomas Oliverio
Raymond A. Maraccio
OLIVERIO & MARCACCIO LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

Gary B. Friedman
Noah Shube
FRIEDMAN & SHUBE
155 Spring Street
New York, NY 10012

David S. Markum
Edward Zusman
MARKUN, ZUSMAN & COMPTON LLP
17383 Sunset Boulevard, Suite A380
Los Angeles, CA 90272

STEPHEN J. MACGILLIVRAY