**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

---

PAMELA J. PHILLIPS, *et al.*,

Plaintiffs,

v.

OCEAN FINANCIAL CORPORATION AND HOME LOAN BANK,

Defendants.

C.A. No. 05-457-T-DLM

---

**DEFENDANT'S REPLY TO PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Stephen J. MacGillivray
Bar Number: 5416
EDWARDS ANGELL PALMER & DODGE
2800 Financial Plaza
Providence, Rhode Island 02903
Telephone: (401) 274-9200
Facsimile: (401) 276-6611
Email: smacgillivray@eapdlaw.com

Attorney for Defendant
Ocean Financial Corporation

March 20, 2006

## TABLE OF CONTENTS


Page

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 3

A. The Plaintiffs Lack Standing to Bring an Action for an Alleged Violation of Section 1681m .......... 3

B. Ocean Bank's Offers Constituted Firm Offers of Credit as a Matter of Law .......... 5

C. The Plaintiffs' Claim for Prejudgment Interest Should be Stricken and Dismissed .......... 11

III. CONCLUSION .......... 12

TABLE OF AUTHORITIES .......... 13

CERTIFICATE OF SERVICE .......... 15

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| PAMELA J. PHILLIPS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN FINANCIAL CORPORATION AND HOME LOAN BANK,<br><br>Defendants. | C.A. No. 05-457-T-DLM |

**DEFENDANT'S REPLY TO PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

## I. INTRODUCTION

The Plaintiffs, Pamela J. Phillips ("Phillips") and James Preston Miller ("Miller"), seek to bring a class action against Defendant, Ocean Bank, F.S.B. ("Ocean Bank"), alleging that the offers Ocean Bank sent them were not firm offers of credit, in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). These letters contained offers of home equity loans of at least $10,000, which Ocean Bank fully intended to honor. Although neither Plaintiff alleges any actual harm as a result of receiving Ocean Bank's offers, they ask the Court to impose potentially enormous liability on Ocean Bank for an alleged technical violation that, if it occurred, which it did not, injured no one.

On January 27, 2006, Ocean Bank filed a motion to dismiss the Complaint, asserting three independent grounds (Docket No. 10). First, the offers were mailed to both Miller and Phillips in 2005, after the Fair and Accurate Credit Transactions Act of 2003, Pub. L. 108-159, 117 Stat. 1952 (2003) ("FACTA") abolished a private right of action for violations of the "clear and conspicuous" requirement contained in Section 1681m(d) of the FCRA. Second, Ocean

Bank did not violate the FCRA because its offers of credit of at least $10,000, which the Bank intended to honor if the Plaintiffs had responded and satisfied the pre-screening criteria pursuant to which they had received the letters in the first place, unquestionably had value to the normal consumer and constituted firm offers of credit as a matter of law under § 1681b. Third, the Plaintiffs' claim for prejudgment interest is not a recoverable item of damages under the FCRA.

The Plaintiffs' Brief in Opposition (Docket No. 11) misstates the applicable law and mischaracterizes Ocean Bank's arguments. First, although the Plaintiffs concede that, effective December 1, 2004, the FACTA abolished a private right of action to enforce the "clear and conspicuous" requirement contained in § 1681m(d), they seek to avoid dismissal of this claim with the suggestion that the Plaintiffs might have received their letters prior to December 1, 2004. Opp. at 12. The Plaintiffs claim that discovery is necessary to determine when the offers were mailed. *Id.* This argument lacks merit because, as the Plaintiffs surely know and their counsel know or should have known through a cursory investigation, and as is confirmed on the priority codes contained on the offer letters attached to the Complaint, the Plaintiffs received their offers in 2005, after private actions under 1681m(d) were abolished. Requiring discovery on this issue would needlessly prolong this action, causing the parties and the Court to incur unnecessary expense and burden.

Second, with respect to the Bank's offers of credit, the Plaintiffs mischaracterize the case law and the Federal Trade Commission's ("FTC") statements concerning firm offers of credit, and ignore the concept of value to the consumer. The Plaintiffs argue, instead, that a firm offer of credit of a home equity loan must contain all the details of the loan being offered, even though neither the FCRA, the FTC, nor precedent in *any* Circuit that has considered this issue, including the Seventh Circuit, contains such an absolute requirement. Opp. at 5-11.

Finally, the Plaintiffs have not addressed Ocean Bank's argument that the Court must dismiss the Plaintiffs' claims for prejudgment interest because prejudgment interest is not available under the FCRA. The Plaintiffs' failure to oppose this argument should be deemed a concession, and the Court should dismiss this element of the Plaintiffs' prayer for relief.

Accordingly, for the foregoing reasons, the Court should grant Ocean Bank's motion to dismiss in its entirety.

## II. ARGUMENT

### A. The Plaintiffs Lack Standing to Bring an Action for an Alleged Violation of Section 1681m

In its opening brief, Ocean Bank demonstrated that, effective December 1, 2004, the FACTA eliminated a private right of action to enforce the "clear and conspicuous" requirement contained in § 1681m(d) of the FCRA. Memo. at 6-7. Although the Plaintiffs concede that the FACTA amended the FCRA to provide that, effective December 1, 2004, "the FTC has exclusive jurisdiction to enforce § 1681m(d)," (Opp. at 2), they expend five pages of their Opposition arguing that dismissing this case would give an impermissible retroactive effect to the FACTA.

The Plaintiffs' retroactivity argument is irrelevant, however, because the offer letters, which the Plaintiffs attached to their Complaint, demonstrate that they were prepared and mailed in 2005, after the FACTA's effective date. The priority code on the top left of both letters begins with "05," meaning that they were mailed in 2005. *See* Compl. Exs. A and B. The second set of numbers contained in the priority codes – 02 on the Phillips letter and 08 on the Miller letter – further reveal that the offer letter was mailed to Phillips in February 2005 and to Miller in August 2005. *Id.* The Miller offer contains additional evidence that it was mailed long after December 1, 2004, because it includes opt-out language and other disclosures mandated by the

FTC regulations implementing the FACTA, which took effect on August 1, 2005. *See* 16 C.F.R. § 602.1 (2005).

Given this uncontroverted evidence, the Plaintiffs lack a good-faith basis to contend that they received their letters before December 1, 2004. Significantly, neither the Complaint nor the Opposition makes any representation as to when the Plaintiffs received their letters. Phillips and Miller must know that they received their offers from Ocean Bank in 2005. Furthermore, both the Plaintiffs and their counsel know or should know when Phillips and Miller brought these offers to the attention of their counsel, who did not file this action until November 2, 2005. The Opposition's suggestion that discovery would reveal that these Plaintiffs received the Bank's offers prior to December 1, 2004, lacks evidentiary support and will never find evidentiary support no matter how long the Plaintiffs conduct further investigation or discovery. *See* Fed. R. Civ. P. 11(b)(3).

Ocean Bank should not be compelled to defend a claim lacking a good-faith basis. It is obvious from the face of the offers, the opt-out language and other disclosures, and the priority codes themselves that the offer letters were mailed in 2005 and not prior to December 1, 2004, as the Plaintiffs posit. Allowing the Plaintiffs to proceed with its count alleging a violation of Section 1681m would needlessly complicate this action, require the parties to undergo unnecessary discovery, and force the parties and the Court to expend the resources necessary to dispose of this count on summary judgment.

Accordingly, the Court should grant Defendant's Motion to Dismiss the claim for relief set forth in the Complaint in paragraphs 28-29 and 34 and in paragraph C(2) of the prayer for relief.

**B. Ocean Bank's Offers Constituted Firm Offers of Credit as a Matter of Law**

Ocean Bank's offers to the Plaintiffs complied with Section 1681b, as well as all other applicable FCRA requirements. Furthermore, Ocean Bank's guaranteed offers met the standards laid out by courts in all jurisdictions that have considered the issue. The Plaintiffs cannot dispute that consumer reporting agencies may provide creditors, such as Ocean Bank, with information contained in or derived from a consumer report in connection with a credit transaction, without the prior consent of that consumer, if the offer "consists of a firm offer of credit." 15 U.S.C. § 1681b(c)(1)(B)(i). Contrary to the Plaintiffs' arguments (Opp. at 1-2, 11), the FCRA does not require a firm offer of credit to include all terms of the credit product being offered. Instead, a firm offer of credit is defined as "any offer of credit … to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer." *Id.* § 1681a(l); *see also* 16 C.F.R. Pt. 600, App., comment on section 604 § 6 (2005). The FTC has previously recognized that "the presence of an intent by the user of the prescreening service *to grant credit* provides a sufficient nexus between creditor and consumer to meet the statutory requirement that the creditor 'intends to use the information in connection with a credit transaction … involving extension of credit to the consumer ….'" Commentary on the Fair Credit Reporting Act, 55 Fed. Reg. 18,804, 18,807 (May 4, 1990) (emphasis added).

The Plaintiffs' attempt to establish that Ocean Bank's offer was not a firm offer of credit as a matter of law centers on a misreading of the FTC's regulations and of case law in jurisdictions that have considered the definition of firm offer of credit under the FCRA. Contrary to the Plaintiffs' contentions (Opp. at 5-6), the FTC expressly allows pre-screened, firm offers of credit, because the FTC recognizes that such offers benefit consumers. Prescreened Opt-Out Disclosure, 70 Fed. Reg. 5022, 5026-27 (Jan. 31, 2005) (codified at 16 C.F.R. pts. 642

& 698). Consumers derive benefits from the availability of this type of firm offer because they are "an appropriate and effective means" to learn about competing offers of credit and, as prescreened offers have become more popular, there has been a "general trend towards lower initial interest rates and certain other more favorable terms." *Id.* The FTC further stated that direct mail solicitations, an alternative to prescreened offers, could cost more and have less favorable terms. *Id.* Ocean Bank's offer of a home equity loan for a minimum of $10,000 is precisely the type of offer the FTC recognizes as conferring benefits on consumers.

Substituting rhetoric for analysis, the Plaintiffs deride Ocean Bank's firm offer of credit to the Plaintiffs. *See* Opp. at 1 (characterizing Ocean Bank's offers as "advertising flyers"); Opp. at 3 (characterizing Ocean Bank's offers as "junk-mail come-ons"). The Plaintiffs liken Ocean Bank's offers to "catalogs and sales pitches," which would violate the FCRA. Opp. at 6 (quoting Amicus Curiae Brief of FTC in *Cole v. U.S. Capital, Inc.*, 389 F.3d 719 (7th Cir. 2004)). The Plaintiffs' pejorative labels notwithstanding, the Opposition fails to demonstrate that Ocean Bank's offers to Phillips and Miller did not comply with the definition of a firm offer of credit contained in the FCRA.

In this regard, the Plaintiffs' argument that the $10,000 minimum loan amount was not guaranteed (Opp. at 2-3) is demonstrably incorrect. The letter sent to Phillips informed her that:

> This offer is extended because you appear to satisfy our criteria for credit worthiness contained in a pre-qualifying report received from a credit bureau used by us. The credit may not be extended if after you responded to the offer, you do not meet the criteria used to select you for the offer or if you do not furnish any required collateral.

Compl. Ex. A, at 2. Similarly, Ocean Bank's letter to Miller informed him that, "[t]his 'prescreened' offer of credit is based on information in your credit report indicating that you meet certain criteria. This offer is not guaranteed if you do not meet our criteria including providing acceptable property as collateral." *Id.* Ex. B, at 2. Contrary to the Plaintiffs'

contentions that this language deprives the mailings of their status as firm offers of credit, this language is expressly required by § 1681m(d) of the FCRA, and is consistent with the definition of a "firm offer of credit" contained in the FCRA, 15 U.S.C. § 1681a(1). Creditors may require consumers: (1) to prove that they satisfied the prescreening criteria that caused them to receive the offer in the first instance; (2) to verify that they continue to satisfy those criteria; and (3) to furnish any required collateral. *Id.* Furthermore, contrary to the Plaintiffs' assertions that Ocean Bank's offers lacked the required degree of specificity and therefore were not firm offers of credit, Ocean Bank complied with all FCRA requirements in guaranteeing an offer of credit to all recipients of its offer, conditioned on certain pre-screening requirements. *Id.* § 1681a(l).

The Plaintiffs' assertion that Ocean Bank's definition of a firm offer of credit ignores the definition of a firm offer of credit applied "by quite literally every court to have considered the issue" (Opp. at 1) mischaracterizes existing law. This argument ignores decisions interpreting section 1681a(l), which recognize that the key factor is whether the creditor intends to honor the offer if the consumer satisfies the pre-screening criteria and furnishes any required collateral. *See Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 841 (5th Cir. 2004), *cert. denied*, 125 S. Ct. 508 (2004); *Gamble v. Citifinancial*, No. 3:02-cv-693 (JBA), 2002 WL 31643028, at *3 (D. Conn. Nov. 19, 2002) (pre-approved offer of credit for $5,500, assuming consumer met certain criteria established before the offer was extended, was a firm offer of credit); *see also Scharpf v. AIG Mktg., Inc.*, 242 F. Supp. 2d 455, 461-62 (W.D. Ky. 2003) (quote for automobile insurance that was binding on the insurance company for 60 days constituted a firm offer of credit under the FCRA). In *Kennedy*, the court of appeals upheld a district court's decision to dismiss a claim under Section 1681b under essentially the same factual scenario as the instant case. Relying on the plain language of the FCRA, the court

determined that "a firm offer of credit under the Act 'really means a "firm offer if you meet certain criteria."'" 369 F.3d at 841.

The Plaintiffs' attempt to distinguish *Kennedy* in one cursory paragraph at the conclusion of their argument (Opp. at 11) makes a distinction without a difference. That *Kennedy* arose out of a credit card offer does not diminish the court's holding that a firm offer of credit is one that will be honored if the consumer meets the criteria used to select the consumer to receive the offer in the first place. 369 F.3d at 840. Contrary to the Plaintiffs' assertions that the plaintiffs in *Kennedy* had "specifically authoriz[ed] the defendant to access their credit information," (Opp. at 11), the Fifth Circuit's opinion makes it clear that the court was construing the firm offer of credit provision of § 1681b(c)(1)(B), rather than a situation in which the consumer authorized the credit reporting agency to provide a credit report to the defendant. 369 F.3d at 840 n.6.

The only federal circuit court of appeals to have adopted the Plaintiffs' interpretation of a firm offer of credit is the United States Court of Appeals for the Seventh Circuit. *See Cole v. U.S. Capital, Inc.*, 389 F.3d 719 (7th Cir. 2004). The Plaintiffs' reliance on *Cole* is misplaced.

Initially, the Plaintiffs' misapply the Seventh Circuit's holding in *Cole*. In that case, the court held that whether an offer constitutes a firm offer of credit is determined based on the value of the offer to the normal consumer. *Id.* at 728; *see also Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 955-56 (7th Cir. 2006). The *Cole* court reversed and remanded a district court holding that an offer for a loan of only $300, which could be used solely to purchase an automobile at one particular dealership, had sufficient value as a matter of law to constitute a firm offer of credit.

The concept that an offer must have value to the rational consumer is central to both *Cole* and *Murray*. Ocean Bank's prescreened offer of at least $10,000 is one such offer that conferred

a benefit upon a rational consumer. Clearly, a loan for the large sum of $10,000, which had no limitations as to use and which the Bank fully intended to honor, is neither a sham nor a solicitation.

Despite the Plaintiffs' attempt to liken Ocean Bank's offer to the offer found deficient in *Cole*, the Bank's offers of credit to the Plaintiffs unquestionably had value to the normal consumer. Ocean Bank's offer guaranteed a loan of at least $10,000, an amount 33 times more than the $300 loan at issue in *Cole*. Additionally, Ocean Bank's offer was not nearly as restrictive as the offer in *Cole*. Ocean Bank's $10,000 loan imposed no restrictions as to use, while the loan in *Cole* restricted recipients to purchasing an automobile at one specified automobile dealership. Of course, the distinction that the Plaintiffs highlighted regarding the nature of the loan, a home equity loan as opposed to an automobile loan, is also important. The nature of automobile loans is more conducive to greater specificity in the initial offer because automobile loans do not have to take into account the many variables involved in issuing a home equity loan, are generally smaller in size than home equity loans, and are not based on the loan recipient's collateral. *See* Ocean Bank Memo. at 11.

The Plaintiffs also mischaracterize Ocean Bank's position regarding *Cole*, claiming the Bank had argued that the *Cole* standard does not apply to a home equity loan. Opp. at 9. Although Ocean Bank argued that *Cole* imposes requirements not contained in the FCRA (Memo. at 10), Ocean Bank's offer would indeed satisfy the definition of firm offer of credit articulated by *Cole* or any other court to have considered the issue.

The other cases cited by the Plaintiffs (Opp. at 7-8) are clearly distinguishable from the offer in this case. In *Murray v. Flexpoint Funding Corp.*, No 05-C-1253, 2005 U.S. Dist. LEXIS 12593, *5 (N.D. Ill. June 17, 2005), and in *Murray v. GMAC Mortgage Corp.*, No. 05 C 1229,

slip op. at 4-5 (N.D. Ill. Aug. 2, 2005),[1] the offer did not specify any minimum amount whatsoever. Similarly, in *Murray v. Sunrise Chevrolet, Inc.*, No. 04-C-7668, 2005 U.S. Dist. LEXIS 20397, *1-2 (N.D. Ill. Sept. 15, 2005), the offer listed no minimum amount and restricted use of the loan to the purchase of a car at one specified car dealership. *Hyde v. RDA, Inc.*, 389 F. Supp. 2d 658, (D. Md. 2005) is distinguishable on the same grounds, as it also involved a loan virtually identical to the loan found inadequate in *Cole*, because it had a minimum of only $300, and use of the money was restricted to purchase of an automobile at a specified dealer.

Moreover, the Plaintiffs' citations to *Trans Union Corp. v. FTC*, 81 F.3d 228 (D.C. Cir. 1996), and *Trans Union Corp. v. FTC*, 245 F.3d 809 (D.C. Cir. 2001) (Opp. at 3-4, 6), are similarly unavailing because these cases involved a review of administrative proceedings in which offers of credit were not at issue. Rather, the issue was whether compilations of different lists constituted "consumer reports" for purposes of the FCRA.

Although neither *Kennedy* nor *Cole* is binding on this Court, under the standards of either case, Ocean Bank's offers constituted firm offers of credit. This Court should not adopt *Cole*'s formulation for a firm offer of credit, however. Congress and the FTC have never imposed *Cole's* aforementioned "value" requirement on creditors. Under this subjective concept, creditors now confront potentially ruinous liability in the Seventh Circuit. Additionally, because of the unfair subjectivity of the value requirement, creditors are now uncertain as to how to mail firm offers of credit compliant with the Seventh Circuit's caselaw. If Ocean Bank's firm offers to Phillips and Miller do not meet the standards for a firm offer of credit, then it is unclear what type of prescreened firm offer of credit for a home equity loan could possibly do so. Consequently, the construction urged by the Plaintiffs would be tantamount to an order

[1] The Plaintiffs incorrectly cited this memorandum opinion as 2005 U.S. Dist. LEXIS 28249 (N.D. Ill. Aug. 2, 2005). *See* Opp. at 6-7. In fact, this is the citation to the district court opinion (decided on November 11, 2005), denying class certification, which was later reversed and remanded in *Murray*, 434 F.3d 948.

outlawing firm offers of credit for home equity loans, which neither Congress nor the FTC has ever proposed, promulgated, or enacted.

The allegations contained in the Plaintiffs' Complaint and the arguments contained in their Opposition to convince the Court that Ocean Bank did not issue a firm offer of credit fail as a matter of law.

**C. The Plaintiffs' Claim for Prejudgment Interest Should be Stricken and Dismissed**

The Plaintiffs do not address Ocean Bank's argument that the Plaintiffs' claim for prejudgment interest must be dismissed. As described in Ocean Bank's opening brief, prejudgment interest is not an available element of damages under the FCRA. Memo. at 13; *see* 15 U.S.C. §§ 1681n, 1681o. The Court should deem the Plaintiffs' failure to contest this argument a concession that Ocean Bank's position is correct. Accordingly, the Plaintiffs' claim for prejudgment interest should be stricken and dismissed.

## III. CONCLUSION

For the foregoing reasons and those set forth in its opening memorandum of law, Ocean Bank respectfully requests that the Court grant its Motion to Dismiss Plaintiffs' Complaint.

DATED: March 20, 2006

Respectfully submitted,

Stephen J. MacGillivray
Bar Number 5416
EDWARDS ANGELL PALMER & DODGE
2800 Financial Plaza
Providence, Rhode Island 02903
Telephone: (401) 274-9200
Facsimile: (401) 276-6611
Email: smacgillivray@eapdlaw.com

Attorney for the Defendant,
Ocean Financial Corp.

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Cole v. U.S. Capital, Inc.*, 389 F.3d 719 (7th Cir. 2004) ....................6, 8, 9, 10

*Hyde v. RDA, Inc.*, 389 F. Supp. 2d 658 (D. Md. 2005) ....................10

*Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833 (5th Cir. 2004), *cert. denied*, 125 S. Ct. 508 (2004) ....................7, 8, 10

*Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006) ....................8, 10

*Scharpf v. AIG Mktg., Inc.*, 242 F. Supp. 2d 455 (W.D. Ky. 2003) ....................7

*Trans Union Corp. v. FTC*, 81 F.3d 228 (D.C. Cir. 1996) ....................10

*Trans Union Corp. v. FTC*, 245 F.3d 809 (D.C. Cir. 2001) ....................10

## DOCKETED CASES

*Gamble v. Citifinancial*, No. 3:02-cv-693 (JBA), 2002 WL. 31643028 (D. Conn. Nov. 19, 2002) ....................7

*Murray v. Flexpoint Funding Corp.*, No 05-C-1253, 2005 U.S. Dist. LEXIS 12593 (N.D. Ill. June 17, 2005) ....................9

*Murray v. GMAC Mortgage Corp.*, No. 05 C 1229, 2005 U.S. Dist. LEXIS 28249 (N.D. Ill. Nov. 11, 2005) ....................10

*Murray v. GMAC Mortgage Corp.*, No. 05 C 1229 (N.D. Ill. Aug. 2, 2005) .................... 9-10

*Murray v. Sunrise Chevrolet, Inc.*, No. 04-C-7668, 2005 U.S. Dist. LEXIS 20397 (N.D. Ill. Sept. 15, 2005) ....................10

## FEDERAL STATUTES

Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq* ....................1

15 U.S.C. § 1681a ....................5, 7

15 U.S.C. § 1681b ....................2, 5, 8

15 U.S.C. § 1681m .................... *passim*

15 U.S.C. § 1681n ....................11

15 U.S.C. § 1681o ........................................ 11

Fair and Accurate Credit Transactions Act of 2003, Pub. L. No. 108-159, 117 Stat. 1952 (2003) ........................................ 1

**CODE OF FEDERAL REGULATIONS**

16 C.F.R. Pt. 600, App., comment on section 604 (2005) ........................................ 5

16 C.F.R. § 602.1 (2005) ........................................ 4

**FEDERAL REGISTER**

Commentary on the Fair Credit Reporting Act, 55 Fed. Reg. 18,804 (May 4, 1990) ........................................ 5

Prescreened Opt-Out Disclosure, 70 Fed. Reg. 5022 (Jan. 31, 2005) (codified at 16 C.F.R. pts. 642 & 698) ........................................ 5-6

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 11(b) ........................................ 4

**CERTIFICATE OF SERVICE**

I certify that, on this 20th day of March, 2006, I caused a true and correct copy of the foregoing Defendant's Reply to Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint, to be served by first-class mail, postage prepaid in the correct amount, on the Plaintiffs' counsel of record, at their last known addresses, as follows:

Matthew Thomas Oliverio
Raymond A. Maraccio
OLIVERIO & MARCACCIO LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

Gary B. Friedman
Noah Shube
FRIEDMAN & SHUBE
155 Spring Street
New York, NY 10012

David S. Markum
Edward Zusman
MARKUN, ZUSMAN & COMPTON LLP
17383 Sunset Boulevard, Suite A380
Los Angeles, CA 90272

STEPHEN J. MACGILLIVRAY