**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PAMELA J. PHILLIPS and JAMES PRESTON MILLER, on behalf of themselves and all similarly situated persons, | ) | |
| Plaintiffs, | ) | No. 05-CV-00457 |
| v. | ) | |
| OCEAN FINANCIAL CORPORATION and HOME LOAN BANK, | ) | |
| Defendants. | ) | |

**MOTION TO STAY PROCEEDINGS**

Defendants, Ocean Financial Corporation ("Ocean Financial") and Home Loan,[1] a division of one of Ocean Financial's subsidiaries, Ocean Bank, by their counsel, move this Court to stay proceedings in this matter, or in the alternative, stay ruling on Defendants' Motion to Dismiss, pending the Judicial Panel on Multidistrict Litigation's ruling on Defendant's Motion to Transfer, pursuant to 28 U.S.C. §1407. In support of this Motion, Defendants state as follows:

## I. Background

1. This action is one of three class actions filed against Defendant and/or its subsidiary, Ocean Bank, F.S.B., all of which involve identical claims under the Fair Credit Reporting Act (the "FCRA"), based on identical or similar mailings that were sent to Plaintiffs regarding prescreened offers of credit for home equity loans. The three class actions include *Tremble v. Ocean Bank*, Case No. 05-CV-02624, pending in the United States District Court for the Northern District of Illinois (the "Illinois Action"), *Forrest, et al. v. Ocean Bank, F.S.B.*, Case No. 05-CV-01323, pending in the United States District Court for the Eastern District of Wisconsin (the "Wisconsin Action"), and this action, *Phillips, et al. v. Ocean Financial*

[1] Home Loan is misnamed as Home Loan Bank.

*Corporation*, Case No. 05-CV-00457. (The three actions are collectively referred to as the "Class Actions").

2. Defendants are filing on March 28, 2006, a Motion For Transfer For Consolidated and Coordinated Pretrial Proceedings for the Class Actions, which is pending before the Judicial Panel on Multidistrict Litigation (the "JPML"). A copy of Defendants' Motion and Memorandum in Support of their Motion to Transfer are attached as Exhibit A. The JPML is established under 28 U.S.C. §1407, which permits the centralization of all proceedings and civil actions involving one or more common questions of fact pending in different Districts. The statute seeks to eliminate potential conflicting rulings by coordinate District and Appellate judges. *Falgoust v. Microsoft Corp.*, No. 00-0779, 2000 U.S. Dist. LEXIS 5417 (E.D. La. Apr. 19, 2000).

3. In cases, such as here, where the actions involve nearly identical sets of facts and similar legal theories, the MDL Panel is likely to transfer the cases to one District. *See, e.g. Tench v. Jackson Nat'l Life Ins. Co.*, No. 99 C 5182, 1999 U.S. Dist. LEXIS 1823 (N.D. Ill. Nov. 10, 1999). In such circumstances, stays in the individual actions are frequently granted to avoid duplicative efforts and preserve valuable judicial resources. *Id. See also, e.g., Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1053 (E.D. Wis. 2001); *Ramos-Martir v. Astra Merck, Inc.*, No. 05-2038, 2005 U.S. Dist LEXIS 30247 (D.P.R. Nov. 16, 2005).

**II. Factors Weigh in Favor of a Stay in this Case.**

4. In determining whether a stay is appropriate, factors to be considered include (1) the interests of judicial economy; (2) hardship and inequity to the moving party if the action is not stayed, and (3) potential prejudice to the non-moving party. *Meyers v. Bayer AG*, 143 F. Supp. 2d at 1053. These factors weigh in favor of a stay of the proceedings in this case.

**A. Judicial Economy Favors a Stay.**

5. In this case, Defendants filed a Motion to Dismiss based on the fact that the prescreened offers of credit mailed to Plaintiffs constitute "firm offers" of credit as set forth under the FCRA. Defendants have also filed a Motion to Dismiss in the Wisconsin Action, which involves identical factual and legal issues as the Motion to Dismiss pending before this Court. Neither this Court nor the Wisconsin Court has ruled on Defendants' Motions to Dismiss.

6. Further, the Plaintiffs in this Action and the Wisconsin Action have not yet moved for class certification. The determination of class certification in both actions will involve identical factual and legal issues.

7. Because the factual and legal issues in the Class Actions are identical, a stay in this matter will conserve judicial resources by allowing one court to rule on all issues that are common to all three Class Actions if the JPML grants Defendant's Motion to Transfer.

**B. Defendant Would Suffer Considerable Hardship and Inequity if Forced to Simultaneously Litigate Multiple Suits in Multiple Courts.**

8. Because the factual issues in the Class Actions are identical, discovery will involve the same information and witnesses for each Class Action. No discovery has been conducted in the Rhode Island and Wisconsin Actions. In the Illinois Action, some discovery has been conducted, which can be used in the other Class Actions. If a stay is not entered, Defendant will be forced to conduct duplicative discovery with the plaintiffs in each Class Action.

9. Further, Defendants could suffer conflicting rulings by different judges. The law involving the legal issues under the FCRA in the Class Actions is largely undeveloped. Because the Motions to Dismiss pending in this Action and the Wisconsin Action involve identical factual and legal issues, the Defendants are subject to conflicting rulings on the Motions to Dismiss if no stay is entered. Moreover, class certification is still to be briefed and ruled on in the Rhode Island and Wisconsin Actions, also subjecting Defendant to conflicting rulings involving class

certification if no stay is entered.

**C. There should be no prejudice to Plaintiffs.**

10. Plaintiffs should not suffer prejudice if a stay is entered pending the ruling by the JPML. Plaintiffs, at most, should only suffer a short delay in the progress of this Action.

## III. Conclusion

11. Based on the foregoing, Defendants request that this Court stay the proceedings in this matter until the JPML rules on Defendant's Motion to Transfer. In the alternative, Defendants request that this Court, at least, stay ruling on Defendants' Motion to Dismiss in order to avoid conflicting rulings on the same legal issues.

WHEREFORE, Defendants, Ocean Financial Corporation and Home Loan Bank, request that this Court enter an Order staying proceedings in this matter pending the Judicial Panel on Multidistrict Litigation's ruling on Defendants' Motion to Transfer or, at a minimum, staying this Court's ruling on Defendant's Motion to Dismiss, and for such other relief as this Court deems just.

OCEAN FINANCIAL CORPORATION and
HOME LOAN BANK

By its Attorneys,

Stephen J. MacGillivray, Esquire (#5416)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Telephone (401) 274-9200
Fax (401) 276-6611

William M. McErlean
Charla L. Hausler
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60603
(312) 357-1313

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of March, 2006, I caused a true and correct copy of the foregoing to be served by first class mail, postage prepaid, to the following counsel of record:

Matthew T. Oliverio, Esq.
Raymond A. Marcaccio, Esq.
OLIVERIO & MARCACCIO LLP
55 Dorrance Street
Suite 400
Providence, RI 02903

Gary B. Friedman, Esq.
Noah Shube, Esq.
FRIEDMAN & SHUBE
155 Spring Street
New York, NY 10012

David S. Markum, Esq.
Edward Zusman, Esq.
MARKUN, ZUSMAN & COMPTON LLP
17383 Sunset Boulevard, Suite A380
Los Angeles, CA 90272



PRV_796879_1/SMACGILLIVRAY