**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re OCEAN FINANCIAL CORPORATION Class Action Litigation | MDL Docket No. ______________ |
| JOHNNY TREMBLE, Plaintiff, v. OCEAN BANK, Defendant. | United States District Court for the Northern District of Illinois, Eastern Division<br>Case No. 05-CV-02624 |
| PAMELA J. PHILLIPS and JAMES PRESTON MILLER, on behalf of themselves and all similarly situated persons, Plaintiffs, v. OCEAN FINANCIAL CORPORATION and HOME LOAN BANK, Defendants. | United States District Court for the District of Rhode Island<br>Case No. 05-CV-00457 |
| MARY FORREST and ISRAEL BERNAL, Plaintiffs, v. OCEAN BANK, F.S.B., Defendant. | United States District Court for the Eastern District of Wisconsin, Milwaukee Division<br>Case No. 05-CV-01323 |

**DEFENDANTS' MOTION FOR TRANSFER FOR CONSOLIDATED AND COORDINATED PRETRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. § 1407, Defendants Ocean Financial Corporation (hereinafter "Ocean Financial") and Ocean Bank, F.S.B. ("Ocean Bank"), hereby respectfully move for an Order transferring *Johnny Tremble v. Ocean Bank*, No. 05-CV-02624 (N.D. Ill.) (hereinafter the "Illinois Action") and *Mary Forrest and Israel Bernal v. Ocean Bank, F.S.B.*, No. 05-CV-01323 (E.D. Wis.) (hereinafter the "Wisconsin Action") to the United States District Court for the District of Rhode Island for consolidated and coordinated pretrial proceedings with *Pamela J. Phillips and James Preston Miller v. Ocean Financial Corporation and Home Loan Bank*, No. 05-CV-00457 (D. R.I.) (hereinafter the "Rhode Island Action") already pending there. These actions (hereinafter "Class Actions") are class actions and are listed in the attached Schedule of Cases, Exhibit A. (pursuant to JPML Rule 7.1(g), Defendants' Exhibits are contained in a separate appendix of exhibits). In the alternative, Defendants seek consolidation of their class actions in the Northern District of Illinois.

As more fully set forth in the accompanying memorandum of law, the grounds for this Motion are as follows:

1. On May 2, 2005, Johnny Tremble, as named plaintiff, filed the Illinois Action on behalf of a class of plaintiffs residing in Illinois, approximately 325,000 individuals, against Ocean Bank, a subsidiary of Ocean Financial, in the District Court for the Northern District of Illinois, Eastern Division, seeking statutory damages and costs and attorney's fees for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §1681p, *et seq.* (hereinafter "FCRA") in connection with prescreened offers of credit for home equity loans that were mailed to Plaintiffs. A copy of the Illinois Action complaint is attached hereto as Exhibit B.

2. On March 21, 2006, class certification was granted in the Illinois Action. A copy of the ruling is attached hereto as Exhibit E. Some discovery has been conducted and is

scheduled to close on June 2, 2006. Defendant, however, is filing a motion to stay proceedings in the Illinois Action, concurrently with the filing of this Motion.

3. On November 2, 2005, Pamela J. Phillips and James Preston Miller, as named plaintiffs, filed the Rhode Island Action on behalf of a national class of plaintiffs, consisting of millions of individuals including potential plaintiffs from Illinois and Wisconsin, against Ocean Financial and an additional entity listed as "Home Loan Bank" in the District Court for the District of Rhode Island, seeking actual, statutory, and punitive damages, and costs and attorney's fees for alleged willful violations of the FCRA, in connection with prescreened offers of credit for home equity loans that were mailed to Plaintiffs.[1] A copy of the Rhode Island Action complaint is attached hereto as Exhibit C.

4. On December 20, 2005, Mary Forrest and Israel Bernal, as named plaintiffs, filed the Wisconsin Action on behalf of a class of plaintiffs residing in Wisconsin against Ocean Bank in the District Court for the Eastern District of Wisconsin, Milwaukee Division, seeking relief for alleged violations of the FCRA, in connection with prescreened offers of credit for home equity loans that were mailed to Plaintiffs. A copy of the Wisconsin Action complaint is attached hereto as Exhibit D.

5. The Defendants filed Motions to Dismiss in the Rhode Island Action and the Wisconsin Action. To prevent inconsistent rulings in the Class Actions, Defendants are filing motions to stay proceedings, with the respective District Courts, concurrently with the filing of this Motion.

6. No discovery has been conducted in the Rhode Island Action or the Wisconsin Action.

[1] It must be noted that no separate entity named "Home Loan Bank" exists, although, the mortgage *division* of Ocean Bank is called "Home Loan."

7. Plaintiffs have not moved for class certification in the Rhode Island Action or the Wisconsin Action.

8. In all three Class Actions, the complaints allege Defendants Ocean Financial Corporation, its subsidiary, Ocean Bank, or Ocean Bank's mortgage division, Home Loan, willfully obtained or used, or caused to be obtained or used, consumer credit reports of named plaintiffs and numerous other potential plaintiffs without a permissible purpose by mailing to the Plaintiffs and potential class members a prescreened offer of credit for home equity loans, which Plaintiffs allege does not qualify as a firm offer of credit under Section 1681a(I) of the FCRA. (*See also* 15 U.S.C. § 1681b(c)(1)(B) (identifying firm offer of credit as a permissible purpose for using and obtaining consumer credit reports). The Plaintiffs also allege that, even if the offers are firm offers of credit under the FCRA, Defendants willfully violated the FCRA's requirements for making certain disclosures in a clear and conspicuous manner under Section 1681m(d). (*See* the Class Actions Complaints, Exhibits B, C, and D.)

9. The Complaints in all three Class Actions are based on identical prescreened offers of credit for home equity loans that were mailed to Plaintiffs.

10. As the three actions are nearly identical class actions, issues of fact common to all of these class actions predominate, and the issues of law are the same.

11. Consolidated pretrial proceedings would serve the convenience of all parties and witnesses and would promote the just and efficient conduct of the litigation by eliminating the potential for inconsistent adjudication of common factual and legal issues, addressing the overlapping of class members from the Illinois and Wisconsin Actions into the national class action in Rhode Island, conserving judicial resources, lessening the time and expense of all parties involved, and avoiding overlapping and duplicative pretrial proceedings and class determinations.

12. The District Court for the District of Rhode Island is an appropriate transferee court because it is the most convenient forum for the parties, because of the factual relationship these cases have with the forum, and because the forum is better equipped to provide the judicial resources necessary to steer complex litigation.

13. The District of Rhode Island is also the most convenient forum for the parties because the Plaintiffs of the Rhode Island Action, an action designed to encompass the largest alleged class of plaintiffs across the country, including the individual class plaintiffs throughout Illinois and Wisconsin, self-selected the District of Rhode Island as the forum to litigate their disputes, and thus have declared it as such. Moreover, the Defendants are domiciled in the District.

14. Furthermore, the District of Rhode Island is the most appropriate forum because of the strong factual relationship it has with these class actions. The witnesses likely to provide the most dispositive testimony on factual issues, the officers, agents and employees of Ocean Financial and its subsidiaries, are located in the District of Rhode Island.

15. Finally, the District of Rhode Island is the most appropriate forum because its docket is the least congested, providing it greater resources to ensure an effective handling of complex litigation. A copy of U.S. District Court - Judicial Caseload Profile reports showing median interval times and total pending matters for the district courts involved in these Class Actions are attached hereto as Exhibit F.

WHEREFORE, the undersigned Defendant prays upon the Court to grant Defendants' Motion to transfer for pretrial consolidation pursuant to 28 U.S.C. § 1407 and for such other relief as this Panel deems just.

Respectfully submitted,

OCEAN FINANCIAL CORPORATION &
OCEAN BANK, F.S.B.

By: ______________________
One of Their Attorneys

WILLIAM M. McERLEAN
Barnes & Thornburg LLP
Suite 4400
One North Wacker Drive
Chicago, Illinois 60606-2833
Tel (312) 357-1313
Fax (312) 759-5646

#533186v1<CHDS01>

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re OCEAN FINANCIAL CORPORATION Class Action Litigation | MDL Docket No. ____________ |
| JOHNNY TREMBLE, Plaintiff, v. OCEAN BANK, Defendant. | United States District Court for the Northern District of Illinois, Eastern Division<br>Case No. 05-CV-02624 |
| PAMELA J. PHILLIPS and JAMES PRESTON MILLER, on behalf of themselves and all similarly situated persons, Plaintiffs, v. OCEAN FINANCIAL CORPORATION and HOME LOAN BANK, Defendants. | United States District Court for the District of Rhode Island<br>Case No. 05-CV-00457 |
| MARY FORREST and ISRAEL BERNAL, Plaintiffs, v. OCEAN BANK, F.S.B., Defendant. | United States District Court for the Eastern District of Wisconsin, Milwaukee Division<br>Case No. 05-CV-01323 |

**BRIEF IN SUPPORT OF MOTION FOR TRANSFER FOR CONSOLIDATED AND COORDINATED PRETRIAL PROCEEDINGS**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 3

A. The Illinois Action ........ 3

B. The Rhode Island Action ........ 4

C. The Wisconsin Action ........ 5

III. ARGUMENT ........ 5

A. The Class Actions Involve Common Questions of Facts that are Complex ........ 6

B. Transfer and Consolidation Will Serve the Convenience of the Parties and Promote the Just and Efficient Conduct of the Litigation ........ 7

C. The District of Rhode Island is the Most Appropriate Forum for Transfer of the Consolidated Proceedings ........ 11

D. Alternatively, the Northern District of Illinois is the Appropriate Forum for Transfer of the Consolidated Proceedings ........ 13

IV. CONCLUSION ........ 14

**TABLE OF AUTHORITIES**

**CASES**


**Pages**

*In re Air West, Inc. Sec. Litigation*,
384 F. Supp. 609 (J.P.M.L. 1974) .... 6, 10, 12

*In re Allstate Insurance Co.*,
206 F. Supp. 2d 1371 (J.P.M.L. 2002) .... 6, 7

*In re Bristol Bay, Salmon Fishery Antitrust Litigation*,
424 F. Supp. 504 (J.P.M.L. 1976) .... 11

*In re Clark Oil & Refining Corp. Antitrust Litigation*,
364 F. Supp. 458 (J.P.M.L. 1973) .... 10, 11

*In re Cuisinart Food Processor Antitrust Litigation*,
506 F. Supp. 651 (J.P.M.L. 1981) .... 10

*In re Department of Energy Stripper Well Exemption Litigation*,
472 F. Supp. 1282 (J.P.M.L. 1979) .... 8

*In re Electric System Corp. Securities & ERISA Litigation*,
254 F. Supp. 2d 1375 (J.P.M.L. 2003) .... 11

*In re Farmers Insurance Co., Inc.*,
295 F. Supp. 2d 1375 (J.P.M.L. 2003) .... 5, 7, 13

*In re Ford Motor Co. Speed Control Deactivation Switch Products Liability Litigation*,
398 F. Supp. 2d 1365 (J.P.M.L. 2005) .... 7, 8, 14

*In re Hypodermic Products Antitrust Litigation*,
408 F. Supp. 2d 1356 (J.P.M.L. 2005) .... 7, 11

*In re Jetblue Airways Corp. Privacy Litigation*,
305 F. Supp. 2d 1362 (J.P.M.L. 2004) .... 7, 11

*In re Litigation Arising from Termination of Retirement Plan for Employees of Fireman's Fund Insurance Co.*,
422 F. Supp. 287 (J.P.M.L. 1976) .... 10

*In re M3Power Razor System Marketing & Sales Practices Litigation*,
398 F. Supp. 2d 1363 (J.P.M.L. 2005) .... 7, 8, 11, 13

*In re Multi-Piece Rim Products Liability Litigation*,
464 F. Supp. 969 (J.P.M.L. 1979) ........ 8

*In re Multidisirict Private Civ. Treble Damage Litigation*,
298 F. Supp. 484 (J.P.M.L. 1968) ........ 8, 9

*In re New Mexico Natural Gas Antitrust Litigation*,
482 F. Supp. 333 (J.P. M.L. 1979) ........ 9

*In re Plywood Antitrust Litigation*,
376 F. Supp. 1405 (J.P.M.L. 1974) ........ 14

*In re Preferential Drug Products Pricing Antitrust Litigation*,
429 F. Supp. 1027 (J.P.M.L. 1977) ........ 12

*In re Progressive Corp. Insurance Underwriting & Rating Practices Litigation*,
259 F. Supp. 2d 1370 (J.P.M.L. 2003) ........ 5, 6, 7, 13

**STATUTES**

15 U.S.C. § 1681b(c)(1) ........ 1, 2

28 U.S.C. § 1407 ........ 1, 6

Fair Credit Reporting Act, 15 U.S.C. §1681p *et seq.* ........ 1

## I. INTRODUCTION

Defendants Ocean Financial Corporation (hereinafter "Ocean Financial") and Ocean Bank, F.S.B. ("Ocean Bank") submit this brief in support of their motion to transfer *Johnny Tremble v. Ocean Bank*, No. 05-CV-02624 (N.D. Ill.) (hereinafter the "Illinois Action") and *Mary Forrest and Israel Bernal v. Ocean Bank, F.S.B.*, No. 05-CV-01323 (E.D. Wis.) (hereinafter the "Wisconsin Action") to the United States District Court for the District of Rhode Island for consolidated and coordinated pretrial proceedings with *Pamela J. Phillips and James Preston Miller v. Ocean Financial Corporation and Home Loan Bank*, No. 05-CV-00457 (D. R.I.) (hereinafter the "Rhode Island Action") already pending there, or in the alternative, for consolidation of these actions in the Northern District of Illinois. All three actions (hereinafter collectively referred to as the "Class Actions") are brought as class actions.

Transfer for coordinated or consolidated pretrial proceedings is appropriate under 28 U.S.C. § 1407 where cases filed in separate districts involve common questions of fact and transfer of such proceedings "will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. Transfer is appropriate in this case. All three Class Actions involve common, if not identical, questions of fact. Plaintiffs assert class claims arising under the Fair Credit Reporting Act, 15 U.S.C. §1681p *et seq.* (hereinafter "FCRA"). Each complaint alleges that Ocean Financial Corporation, its subsidiary, Ocean Bank, or Ocean Bank's mortgage division, Home Loan, willfully obtained or used, or caused to be obtained or used, consumer credit reports of named Plaintiffs and millions of other potential class members without a permissible purpose by mailing to the Plaintiffs and potential class members a prescreened offer of credit for home equity loans, which Plaintiffs allege does not qualify as a firm offer of credit under Section 1681a(l) of the FCRA. (*See also* 15 U.S.C.

§ 1681b(c)(1)(B) (identifying firm offer of credit as a permissible purpose for using and obtaining consumer credit reports). The Plaintiffs also allege that, even if the offers are firm offers of credit under the FCRA, Defendants willfully violated the FCRA's requirements for making certain disclosures in a clear and conspicuous manner under Section 1681m(d). (*See* the Class Actions Complaints, Exhibits B, C, and D to Defs.' Motion to Transfer) (as per JPML Rule 7.1(g), Defs.' exhibits are contained in a separate appendix of exhibits). All of the claims in the Class Actions are based on the same prescreened offers that were mailed to Plaintiffs. *Id.* Further, none of the Plaintiffs allege actual damages, but rather Plaintiffs seek only statutory damages. Section 1681(n) of the FCRA provides that a consumer may recover statutory damages in the amount of not less than $100 and not more than $1000. Based on the number of plaintiffs contained in the three Class Actions, a statutory damage award could be financially devastating to Defendants.

Moreover, the parties in all three actions are the same or overlap. Defendants in the Class Actions are essentially the same. Defendants are Ocean Financial, or a subsidiary or division thereof. Plaintiffs in the Class Actions overlap. The Rhode Island Action involves a national class of plaintiffs, whereas the Illinois Action and the Wisconsin Action involve regional classes of plaintiffs. Because the claims are identical and involve the same mailings, plaintiffs in the Illinois Action and the Wisconsin Action are necessarily also included in the Rhode Island Action. As a result, issues of fact common to all of these class actions predominate, and the issues of law are the same.

Consolidated pretrial proceedings will also serve the convenience of all parties and witnesses and will promote the just and efficient conduct of the litigation by eliminating the potential for inconsistent adjudication of common factual and legal issues, addressing the

overlapping of class members from the Illinois and Wisconsin Actions into the national class action in Rhode Island, conserving judicial resources, lessening the time and expense of all parties involved, and avoiding overlapping and duplicative pretrial proceedings, and class certifications. In addition, because of the duplication of claims, settlement is only practical on a national basis. Consolidation will advance a collective settlement effort by counsel and parties in all the Class Actions.

Defendants, therefore, seek transfer of the Illinois Action and Wisconsin Action to the District Court of Rhode Island, as it is the most convenient forum for the parties, the pertinent facts arise out of this forum, the national class action is pending in this forum and the forum is better equipped to provide the judicial resources necessary to steer complex litigation. In the alternative, Defendants urge that the Northern District of Illinois be selected as the appropriate transferee court.

## II. BACKGROUND

### A. The Illinois Action

On May 2, 2005, Johnny Tremble, as named plaintiff, filed the Illinois Action on behalf of a class of plaintiffs residing in Illinois, approximately 325,000 individuals, against Ocean Bank, a subsidiary of Ocean Financial, in the United States District Court for the Northern District of Illinois, alleging that Ocean Bank violated the FCRA by willfully obtaining or using Plaintiff's credit reports without a permissible purpose. Plaintiffs also allege willful violations of the disclosure requirements for firm offers of credit under the FCRA. Plaintiffs seek statutory damages, injunctive relief, and costs and attorney's fees. (*See* Exhibit B to Defs.' Motion to Transfer) On March 21, 2006, class certification was granted in the Illinois Action. (A copy of the order granting class certification is attached as Exhibit E to Defs.' Motion for Transfer). Both

expert and fact discovery are ongoing with a scheduled discovery closure date of June 2, 2006. Defendant, however, is filing a motion to stay proceedings in the Illinois Action, concurrently with the filing of this Motion before this Panel.

**B. The Rhode Island Action**

On November 2, 2005, Pamela J. Philips and James Preston Miller, as named plaintiffs, filed the Rhode Island Action on behalf of a national class of plaintiffs, consisting of millions of individuals including potential plaintiffs from Illinois and Wisconsin, against Ocean Financial and an additional entity listed as "Home Loan Bank"[1] in the District Court for the District of Rhode Island. Plaintiffs allege Defendants willfully violated the FCRA by obtaining or using Plaintiffs' consumer credit report without a permissible purpose and by violating the disclosure requirements for firm offers of credit under the FCRA. Plaintiffs seek statutory damages, injunctive relief, costs and attorney's fees and prejudgment interest under the FCRA. (*See* Exhibit C to Defs.' Motion to Transfer).

Defendants subsequently filed a Motion to Dismiss the Rhode Island Action because the prescreened offers constitute "firm offers" of credit as set forth under the FCRA, or in the alternative, any alleged technical violation of the FCRA was not willful as a matter of law. The Motion to Dismiss is also based on the recent amendment to the FCRA which precludes Plaintiffs' claim for an alleged violation of the disclosure requirement under the FCRA because the FCRA, as amended, abolished a private right of action for such claims. The Motion has been fully briefed, but no ruling has been issued. In order to avoid an inconsistent ruling with the Wisconsin Action, which also has a Motion to Dismiss pending and involves identical legal

---

[1] It must be noted that no separate entity named "Home Loan Bank" exists, although the mortgage *division* of Ocean Bank is called "Home Loan".

issues, Defendant is filing, concurrently with this Motion, a motion to stay proceedings in the District Court until there is a ruling from the Judicial Panel on Multidistrict Litigation.

Because a motion to dismiss is pending, no discovery has been conducted. Plaintiffs also have not yet moved for class certification in this action.

**C. The Wisconsin Action**

On December 20, 2005, Mary Forrest and Israel Bernal, as named plaintiffs, filed the Wisconsin Action on behalf of a class of plaintiffs residing in Wisconsin against Ocean Bank in the District Court for the Eastern District of Wisconsin. As in the other actions, Plaintiffs allege Defendant willfully violated the FCRA by obtaining Plaintiffs' consumer credit report without a permissible purpose and by not adhering to the disclosure requirements under the FCRA for firm offers of credit. (*See* Exhibit D to Defs.' Mot. to Transfer). Plaintiffs seek statutory damages, and costs and attorney's fees.

Defendant subsequently filed a Motion to Dismiss Plaintiff's claims, which contains identical legal theories as those contained in the Motion to Dismiss filed in the Rhode Island Action. The Motion has been fully briefed. Again, no ruling has been issued and Defendants are concurrently moving the District Court to stay proceedings until this Panel issues its ruling, in order to avoid an inconsistent ruling with the Rhode Island Action.

Finally, no fact or expert discovery has yet been conducted in this action, and Plaintiffs have not yet moved for class certification.

**III. ARGUMENT**

Class actions, such as here, which allege similar violations of the FCRA meet the requirements for transfer and consolidation for pretrial proceedings. *In re Farmers Ins. Co., Inc.*, 295 F. Supp. 2d 1375, 1377 (J.P.M.L. 2003); *In re Progressive Corp. Ins. Underwriting &*

*Rating Practices Litig.*, 259 F. Supp. 2d 1370, 1371 (J.P.M.L. 2003); *In re: Allstate Ins. Co.*, 206 F. Supp. 2d 1371, 1372 (J.P.M.L. 2002). Specifically, the Class Actions at issue in this case involve common questions of fact and the transfer of such proceedings "will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions", making transfer appropriate under 28 U.S.C. § 1407.

**A. The Class Actions Involve Common Questions of Facts that are Complex**

"When two or more similar complaints assert comparable allegations against identical defendants based upon similar transactions and events, common factual questions are presumed." *In re Air West, Inc. Sec. Litigation*, 384 F. Supp. 609, 611 (J.P.M.L. 1974). No rule could be more aptly applied to the situation in the case at bar. Each complaint in the three Class Actions asserts that essentially the same Defendant (either Ocean Financial or one of its subsidiaries or a division of one of its subsidiaries) violated provisions of the same statutory scheme based upon similar transactions and events, concluding that Defendants allegedly willfully violated the FCRA by not using the consumer credit reports for a permissible purpose when it mailed the same prescreened offer of credit for home equity loans and by not adhering to FCRA's disclosure requirements. The alleged violations are all based on identical prescreened credit offers mailed to Plaintiffs. As each of the named Plaintiffs in the Class Actions seek recovery under the FCRA for similar, alleged conduct by the same Defendant, questions of common fact predominate throughout these class action suits, and therefore, transfer and consolidation are appropriate.

Not only are the issues of fact in the Class Actions common, but they are also complex, warranting consolidation. This Panel has previously recognized that the complexity of facts involved in multiple class actions brought under the FCRA warrants transfer for purposes of

pretrial consolidation. *In re Farmer's Ins. Co.*, 295 F. Supp. 2d at 1377; *In re Progressive Corp. Ins.*, 259 F. Supp. 2d at 1371; *In re Allstate Ins. Co.*, 206 F. Supp. 2d at 1372. The allegations asserted in each complaint will require factual determinations that will affect the rights of literally more than millions of potential class plaintiffs. Furthermore, the conduct of the litigation will require factual determinations as to whether the alleged acts of the Defendants trigger provisions of a complex and extensive statutory scheme, and whether statutory damages that could amount to a financial death sentence for Defendants are appropriate. Therefore, the Class Actions should be consolidated.

**B. Transfer and Consolidation Will Serve the Convenience of the Parties and Promote the Just and Efficient Conduct of the Litigation**

When multiple class actions have been brought in different districts, this Panel has consistently held that consolidation under Section 1407 is necessary to eliminate duplicative discovery, prevent inconsistent pretrial rulings and conserve the resources of the court, especially with respect to class certification matters. *In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.*, 398 F. Supp. 2d 1365, 1366-1367 (J.P.M.L. 2005); *In re M3Power Razor Sys. Mktg. & Sales Practices Litig.*, 398 F. Supp. 2d 1363, 1364 (J.P.M.L. 2005); *In re Hypodermic Prods. Antitrust Litig.*, 408 F. Supp. 2d 1356 (J.P.M.L. 2005); *In re Jetblue Airways Corp. Privacy Litig.*, 305 F. Supp. 2d 1362, 1363 (J.P.M.L. 2004); *In re Progressive Corp. Ins.*, 259 F. Supp. 2d at 1371; *In re Allstate Ins. Co.*, 206 F. Supp. 2d at 1372; *In re Farmers Ins.*, 295 F. Supp. 2d at 1377.

The Class Actions involved in the case at bar are no exception. Transfer and consolidation of the Class Actions in the District of Rhode Island will conserve judicial resources and the resources of the parties and their counsel by centralizing these actions in one forum. For example, consolidation will avoid duplicative discovery. When the underlying

actions arise from a common factual core, such as here, transfer under Section 1407 "will offer the benefit of placing all actions in the docket before a judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common party and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in other actions." *In re M3Power Razor*, 398 F. Supp. 2d at 1364-5; *see also*, *In re Ford Motor Co.*, 398 F. Supp. 2d at 1367.

In the current Class Actions, some discovery has already been conducted in the Illinois Action and could be made available for the Rhode Island and Wisconsin Actions, eliminating the need for repetitive and duplicative depositions, document requests and other time and resource consuming discovery actions. The transferee judge has the authority and discretion to make relevant common discovery hereto completed in any action applicable to all actions. *In re Multi-Piece Rim Products Liability Litig.*, 464 F. Supp. 969, 975 (J.P.M.L. 1979); *In re Department of Energy Stripper Well Exemption Litig.*, 472 F. Supp. 1282, 1286 (J.P.M.L. 1979). If additional discovery is required, the transferee judge will be in the best position to organize pretrial proceedings so that the discovery tracks are conducted in the most efficient manner, consolidating or separating discovery proceedings where appropriate. *Id.* Accordingly, the Panel should transfer and consolidate these actions as to avoid the real threat of waste of party and judicial resources resulting from duplicative discovery.

Furthermore, transfer and consolidation in the Class Actions will avoid the likely potential of conflicting judicial action. *In re Multidistrict Private Civ. Treble Damage Litig.*, 298 F. Supp. at 493. As this Panel explained early in its history:

> The purpose of Section 1407 as shown independently by its clear language, corroborated by the legislative history, including the reports of the Congressional Committees and of the Judicial Conference, and by testimony before Congress of its authors,

> makes it clear that its remedial aim is to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions. *Id.* at 490-492 (footnotes and citations omitted).

Nowhere is the remedial aim of Section 1407 more applicable than in the current case. The case law surrounding the Class Actions, the law interpreting the pertinent provisions of the FCRA, is sparse and not very well established. With pretrial motions pending in the Class Actions, most notably the Motions to Dismiss in the Rhode Island and Wisconsin Actions,[2] and with pretrial Motions for Summary Judgment yet to be filed, an enormous risk exists that, without consolidation, the individual Class Action judges will be forced to venture into the undeveloped frontier of FCRA case law, and which could result in contradictory rulings by different judges. The policy behind Section 1407 to avoid conflicting judicial action dictates keeping the Class Actions together until they are ready to proceed to trial. As this Panel observed in one of its earliest decisions, "[i]t is in the field of class action determinations in related multidistrict civil actions that the potential for conflicting, disorderly, chaotic judicial action is the greatest." *In re Multidistrict Private Civ. Treble Damage Litig.*, 298 F. Supp. 484, 493 (J.P.M.L. 1968).

Another significant basis for consolidation is to advance successful settlement negotiations in the Class Actions. Settlement cannot likely be achieved on a case by case basis. The classes overlap, making it difficult, if not impossible, for Defendants to settle any class action individually. Defendants simply cannot make a proper determination regarding the reasonableness of settlement in any individual class action without limiting their exposure in the other class actions at the same time. If settlement is entered in one class action, there is no

---

[2] Motions pending in the Class Action, including the Motions for Dismissal, may properly be decided upon by the transferee judge after transfer. *In re New Mexico Natural Gas Antitrust Litigation*, 482 F. Supp. 333, 336 (J.P.M.L. 1979).

guarantee that a reasonable settlement can be reached in the other class actions, leaving Defendants subject to significant liability if one or more of the remaining class actions proceed to trial. Therefore, if there is any possibility of settlement, it will require participation by all parties in all the Class Actions. By consolidating the actions in one forum, the presiding judge will be able to oversee cooperative settlement discussions among all parties in all Class Actions.

A final compelling reason for transfer of the Class Actions to a single district for coordinated or consolidated pretrial proceedings stems from the need "to eliminate the possibility of overlapping or inconsistent class determinations by courts of coordinate jurisdiction." *In re Litigation Arising from Termination of Retirement Plan for Employees of Fireman's Fund Ins. Co.*, 422 F. Supp. 287, 290 (J.P.M.L. 1976) In the Class Actions, where there is now a certified regional class action in the Illinois Action that would also be included in the national class action sought in the Rhode Island Action, as would the regional class action sought in the Wisconsin Action, transfer and consolidation are needed to eliminate the possibility of inconsistent determinations of the class action questions involved. *In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 654-655 (J.P.M.L. 1981); *In re Air West, Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974). Competing requests for class designation make transfer necessary. *In re Clark Oil & Refining Corp. Antitrust Litig.*, 364 F. Supp. 458, 459 (J.P.M.L. 1973). In the present case, the broader class action, the Rhode Island Action, essentially competes in a race to adjudication against the two regional class actions, the Illinois and Wisconsin Actions. Only an order placing these actions in front of a single court will eliminate the possibilities of conflicting class determinations.

Were the Rhode Island Action to be certified as a national class, without consolidation, burdensome overlap and duplicity would tax all parties involved, including the federal judiciary.

Even more overlap and duplicity would further complicate matters if the Wisconsin Action were also to be certified as a class action. Accordingly, the resulting convenience to all parties warrant transfer and consolidation of the Class Actions. Coordinated pretrial proceedings are necessary to promote the just and efficient conduct of the entire litigation.

### C. The District of Rhode Island is the Most Appropriate Forum for Transfer of the Consolidated Proceedings

The Class Actions should be consolidated in the District Court for the District of Rhode Island, because factors considered in determining an appropriate forum weigh in favor of Rhode Island. *In re Hypodermic Products Antitrust Litig.*, 408 F. Supp. 2d 1356 (J.P.M.L. 2005). Prior decisions of the Judicial Panel on Multidistrict Litigation consider the location of the corporate headquarters and personnel of defendants, and the location of pertinent records and witnesses, as important factors in determining an appropriate forum. *See e.g., In re M3Power Razor Sys. Mktg. & Sales Practices Litig.*, 398 F. Supp. 2d 1363, 1365 (J.P.M.L. 2005) (finding district to be appropriate because the district is a likely source of relevant documents and witnesses inasmuch as defendant's headquarters is located there); *In re Jetblue Airways Corp. Privacy Litig.*, 305 F. Supp. 2d 1362, 1363 (J.P.M.L. 2004) (placing weight on fact that sole common defendant was headquartered in the appropriate transferee district); *In re Elec. Sys. Corp. Secs. & ERISA Litig.*, 254 F. Supp. 2d 1375, 1376 (J.P.M.L. 2003) (the availability of pertinent witnesses and documents one determinative factor in assigning to district where corporate defendant had its headquarters); *In re Bristol Bay, Salmon Fishery Antitrust Litig.*, 424 F. Supp. 504, 507(J.P.M.L. 1976) (finding that the most appropriate forum is in part dictated by the location of corporate headquarters, pertinent records, and personnel of defendants); *In re Clark Oil & Refining Corp. Antitrust Litig.*, 364 F. Supp. 458, 459 (J.P.M.L. 1973) (finding the preferable transferee district

to be where the defendant's home office was located because many of the anticipated witnesses and relevant documents were located there).

In the Class Actions, the location of Defendants and their personnel, along with the location of pertinent witnesses and records, is Rhode Island. Defendants maintain their principal places of business in Rhode Island. Defendants' employees and officers who were involved with the approval and mailing of the prescreened offers at issue are located in Rhode Island and will be key witnesses in the Class Actions. Moreover, Plaintiffs' claims require them to prove that Defendants' actions were willful, and Defendants' employees and officers will likely be the principal source of information regarding whether the Defendants' conduct was willful. All relevant documents and records are also in the possession of the Defendants, and will be located in Rhode Island. Plaintiffs will likely not have many pertinent documents, other than the prescreened offers that have already been attached to the complaints filed in the Actions.

Moreover, the Plaintiffs themselves have declared Rhode Island a convenient and appropriate forum. In the Rhode Island Action, an action designed to encompass the national alleged class of plaintiffs, and necessarily includes the individual class plaintiffs in the Illinois and Wisconsin Actions, Plaintiffs self-selected the District of Rhode Island as the forum to litigate their disputes. Because the action seeking to encompass the broadest class was filed in Rhode Island, the cases should be consolidated in Rhode Island. *In re Air West, Inc. Sec. Litig.*, 384 F. Supp. 609 (J.P.M.L. 1974).

Finally, the District of Rhode Island is the most appropriate forum because its docket is the least congested as compared to the districts with the other actions, providing it greater resources to ensure an effective handling of complex litigation. *In re Preferential Drug Products Pricing Antitrust Litig.*, 429 F. Supp. 1027, 1029 (J.P.M.L. 1977). Favorable case

loads have often been cited by the Panel as the rationale for assigning a case for consolidation in a particular district. *See e.g., In re M3Power Razor Sys. Mktg. & Sales Practices Litig.*, 398 F. Supp. 2d 1363, 1365 (J.P.M.L. 2005); *In re Progressive Corp. Ins. Underwriting & Rating Practices Litig.*, 259 F. Supp. 2d 1370, 1371 (J.P.M.L. 2003); *In re Farmers Ins. Co., Inc.*, 295 F. Supp. 2d 1375, 1377 (J.P.M.L. 2003).

According to the most recent statistics available, as of September 30, 2005, the District of Rhode Island had a total of 987 total cases pending before 3 judges, for an overall average 329 cases pending before each judge. Judicial Caseload Profile Report, Administrative Office of the United States Courts, *available at* http://www.uscourts.gov/cgi-bin/cmsd2005.pl. The Northern District of Illinois had a ratio of 7,914 total cases pending before 22 judges, for an overall average of 360 cases per judge. *Id.* The Eastern District of Wisconsin had a ratio of 1,637 total cases pending before 5 judges, for an overall average of 349 cases per judge. *Id.* Further, cases proceeding to trial in the Northern District of Illinois have a median completion time of 27 months. Rhode Island, on the other hand, has a median completion time for cases proceeding to trial of only 17 months. (*See* U.S. District Court - Judicial Caseload Profile Reports, Administrative Office of the United States Courts, Exhibit F to Defs.' Motion to Transfer). These statistics show that the District of Rhode Island would be the district among those already involved in these class action suits most capable of devoting the judicial resources necessary to ensure the proper steering and oversight for this litigation.

**D. Alternatively, the Northern District of Illinois is the Appropriate Forum for Transfer of the Consolidated Proceedings**

In the alternative, the Northern District of Illinois would be an appropriate forum because the Illinois Action was the first of the Class Actions to be filed, discovery has already commenced, and the Honorable Amy St. Eve, having already ruled on class certification, is

familiar with the issues involved in the litigation. *In re Plywood Antitrust Litig.*, 376 F. Supp. 1405, 1407 (J.P.M.L. 1974). As the location of the first-filed action, the Illinois Action, the Northern District of Illinois would be an appropriate transferee forum. *In re Bank of Am. Atm Fee Litig.*, 398 F. Supp. 2d 1367, 1368 (J.P.M.L. 2005) (finding the first factor to support transfer to the transferee district was the pendency of the first file action there); see also *In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.*, 398 F. Supp. 2d 1365, 1367 (J.P.M.L. 2005).

## IV. CONCLUSION

For the reasons stated above, transfer of the Illinois Action and the Wisconsin Action to the District of Rhode Island for consolidated and coordinated pretrial proceedings with the Rhode Island Action pending there will serve the convenience of all parties and witnesses and would promote the just and efficient conduct of the litigation by eliminating the potential for inconsistent adjudication of common factual and legal issues, conserving judicial resources, lessening the time and expense of all parties involved, and avoiding overlapping and duplicative pretrial proceedings and class determinations. Accordingly, Defendants pray upon the Panel to grant the request for transfer and consolidation in the District of Rhode Island, or alternatively, in the Northern District of Illinois.

Respectfully submitted,

OCEAN FINANCIAL CORPORATION &
OCEAN BANK, F.S.B.

By: ______________________
One of Their Attorneys

WILLIAM M. McERLEAN
Barnes & Thornburg LLP, Suite 4400
One North Wacker Drive
Chicago, Illinois 60606-2833
Tel (312) 357-1313
Fax (312) 759-5646

#325194v1<CHDS01>