JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 21 2006

FILED
CLERK'S OFFICE

***RELEASED FOR PUBLICATION***

***DOCKET NO. 1778***

***BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION***

***IN RE OCEAN FINANCIAL CORP. PRESCREENING LITIGATION***

***Johnny Tremble v. Ocean Bank*, N.D. Illinois, C.A. No. 1:05-2624**
***Pamela J. Phillips, et al. v. Home Loan Bank, et al.*, D. Rhode Island, C.A. No. 1:05-457**
***Mary Forrest, et al. v. Ocean Bank, F.S.B.*, E.D. Wisconsin, C.A. No. 2:05-1323**

***BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL***

***TRANSFER ORDER***

This litigation currently consists of three actions pending, respectively, in the Northern District of Illinois, District of Rhode Island and Eastern District of Wisconsin. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendants Ocean Financial Corp. and its subsidiary Ocean Bank, F.S.B., for coordinated or consolidated pretrial proceedings of these actions in the District of Rhode Island or, in the alternative, the Northern District of Illinois. Plaintiffs in the District of Rhode Island action support transfer to the District of Rhode Island. Plaintiffs in the Northern District of Illinois and Eastern District of Wisconsin actions oppose the motion; in the alternative, should the Panel order transfer over their objections, these plaintiffs would support transfer under Section 1407 to the Northern District of Illinois.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs bring their respective actions on behalf of overlapping putative classes and allege that the defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, in their use of consumer reports for purposes of mailing prescreened offers of credit for home equity loans to plaintiffs and potential class members. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of Illinois is an appropriate transferee forum for this docket. This is the suggested transferee district to which all parties, except the plaintiffs in the District of Rhode Island action, support transfer in the alternative. Also, the action in the Northern District of

Illinois, which is proceeding apace, has been pending months longer than those filed outside this district. Indeed, the judge to whom we are assigning this litigation is an experienced transferee judge and has already developed familiarity with the issues present in this docket as a result of presiding over motion practice and other pretrial proceedings in the action pending before her for the past year.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Amy J. St. Eve for coordinated or consolidated pretrial proceedings with the action pending in that district.

FOR THE PANEL:

s/ Terrell Hodges

Wm. Terrell Hodges
Chairman

RULE 1.6: TRANSFER OF FILES

(a) Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action.

(b) If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. §1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. §1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of all papers contained in the original file and a certified copy of the docket sheet.

(c) If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

(d) Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and send to the clerk of the transferor district court the following:

(i) a certified copy of the individual docket sheet for each action being remanded;
(ii) a certified copy of the master docket sheet, if applicable;
(iii) the entire file for each action being remanded, as originally received from the transferor district court and augmented as set out in this rule;
(iv) a certified copy of the final pretrial order, if applicable; and
(v) a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have been stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall be the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

(e) The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

CHAIRMAN:
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

MEMBERS:
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

DIRECT REPLY TO:

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax: [202] 502-2888

http://www.jpml.uscourts.gov

June 21, 2006

Michael W. Dobbins, Clerk
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, IL 60604

Re: MDL-1778 -- In re Ocean Financial Corp. Prescreening Litigation

*Johnny Tremble v. Ocean Bank,* N.D. Illinois, C.A. No. 1:05-2624
*Pamela J. Phillips, et al. v. Home Loan Bank, et al.,* D. Rhode Island, C.A. No. 1:05-457
*Mary Forrest, et al. v. Ocean Bank, F.S.B.,* E.D. Wisconsin, C.A. No. 2:05-1323

Dear Mr. Dobbins:

I am enclosing a certified copy and one additional copy of a transfer order filed today by the Panel in the above-captioned matter. The order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

A copy of Rule 1.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 428 (2001), which deals specifically with the transfer of files, is enclosed for your convenience. Also enclosed are a complete set of the Panel Rules and a copy of Chapter 7 of Volume 4 of the Clerks Manual, United States District Courts.

The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. These statistics are used by the Administrative Office of the United States Courts and the Judicial Conference. Therefore, your cooperation in keeping the Panel advised of the progress of this litigation would be appreciated. We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders regarding appointment of liaison counsel, settlements, dismissals, state court remands, and reassignments to other judges in your district.

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon notification from your court of a finding by the transferee judge that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.

For your information, I am enclosing a copy of the Panel Attorney Service List.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By Denise Morgan
Deputy Clerk

Enclosures

cc w/all enclosures (Chapter 7 of Volume 4 of the Clerks Manual, U.S. District Courts, Rule 1.6, R.P.J.P.M.L., transfer order, Panel Attorney Service List, and complete Panel Rules):

| | | |
|---|---|---|
| | Transferee Judge: | Judge Amy J. St. Eve |
| cc w/order only: | Transferee Chief Judge: | Judge Charles P. Kocoras |

cc w/order and Rule 1.6, R.P.J.P.M.L.:

| | |
|---|---|
| Transferor Clerk(s): | David A. DiMarzio<br>Sofron B. Nedilsky |
| Transferor Judge(s): | Judge Rudolph T. Randa<br>Judge Ernest C. Torres |